# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 52962-9-II |
| DALE SCOTT MADDEN, | |
| Petitioner. | UNPUBLISHED OPINION |

GLASGOW, J.—Dale Madden seeks relief from personal restraint imposed following his 2017 guilty plea to first degree assault, with a firearm enhancement, and second degree unlawful possession of a firearm. We conclude that the petition was timely and we deny the petition.

## FACTUAL BACKGROUND

In the course of a derailed Xanax purchase, Madden drew a gun and fired multiple rounds into the vehicle driven by his suppliers, striking one person in the jaw. At the time, Madden was 17 years old and had previously been convicted of two juvenile felony offenses and four juvenile misdemeanors. Three of these prior convictions involved assaults.

The State's original charges included attempted robbery, unlawful possession of a firearm, and two counts of first degree assault. Under the original charges arising from "essentially undisputed" facts, Madden faced 378 to 450 months in prison. Pet., Attach. D at 6.

The State reduced the charges to one count of first degree assault with a firearm enhancement and one count of second degree unlawful possession of a firearm, and Madden pleaded guilty to these reduced charges. Due to his criminal history, Madden was subject to a standard sentencing range of 111 to 147 months for the first degree assault charge, plus a 60-month

firearm enhancement, and 4 to 12 months for the second degree unlawful possession of a firearm charge.

Prior to sentencing, Madden requested an exceptional sentence below the standard range, based on his youth and the difficulties he faced while growing up. Specifically, Madden requested the sentence he would have received if he were sentenced as a juvenile—35.6 months in confinement. The State opposed the exceptional sentence downward, arguing that it had already taken Madden's youth into account when dismissing additional counts of first degree assault and attempted first degree robbery.

The State requested a high-end standard range sentence of 207 months (147 months plus the 60-month firearm enhancement). The State also noted that there were two victims of Madden's assault and that one victim had been shot in the jaw.

The trial court imposed a low-end standard range sentence of 171 months (111 months plus the 60-month firearm enhancement). Madden filed this timely personal restraint petition asserting that the trial court failed to meaningfully consider his youth as a mitigating factor and consequently violated the Eighth Amendment to the United States Constitution, article I, section 14 of the Washington Constitution, and our Supreme Court's holdings in *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), and *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017).

## ANALYSIS

Madden's judgment and sentence was entered in March 2018, making his February 2019 petition timely filed. RCW 10.73.090(3)(a).

Madden purports to raise "'issues that were afforded no previous opportunity for judicial review'" and claims that his sentence constitutes unlawful restraint. Pet. at 9 (internal quotation

marks omitted) (quoting *In re Pers. Restraint of Pierce*, 173 Wn.2d 372, 377, 268 P.3d 907 (2011)). The lower burden of proof for issues that were not previously subject to judicial review applies where there has been no opportunity for a prior appeal, for example where a petitioner challenges prison disciplinary decisions or Department of Corrections sanctions. *E.g.*, *In re Pers. Restraint of Stuhr*, 186 Wn.2d 49, 52, 375 P.3d 1031 (2016); *In re Pers. Restraint of Dalluge*, 162 Wn.2d 814, 817, 177 P.3d 675 (2008). Madden had an opportunity to directly appeal the trial court's sentencing decision. Therefore, he must meet the same burden as every other personal restraint petitioner seeking collateral review of a trial court's alleged error.

Granting a personal restraint petition is an extraordinary remedy, and the petition must meet a high standard. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013); *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132-33, 267 P.3d 324 (2011). If the petitioner claims constitutional error, they must demonstrate that they were actually and substantially prejudiced as a result; alternatively, they must prove a fundamental defect of a nonconstitutional nature resulting "'in a complete miscarriage of justice.'" *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 811, 792 P.2d 506 (1990) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)). The petitioner must prove error by a preponderance of the evidence. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013).

Madden argues that the trial court abused its discretion by imposing a standard range sentence without considering youth as a basis for a reduced sentence under *O'Dell*, 183 Wn.2d at 696. Madden similarly argues that his standard range sentence violates the Eighth Amendment under *Houston-Sconiers*, 188 Wn.2d at 24, and article I, section 14 because the trial court did not

"meaningfully consider" his youth as a mitigating factor supporting an exceptional sentence below the standard range. Pet. at 21.

We conclude that because the trial court meaningfully considered Madden's youth, no error or abuse of discretion occurred. An abuse of discretion in sentencing occurs when, under the circumstances presented to the trial court, no reasonable person would adopt the trial court's position or the trial court's decision is based on untenable grounds. *State v. Ferguson*, 142 Wn.2d 631, 651, 15 P.3d 1271 (2001). In both *O'Dell* and *Houston-Sconiers*, the trial courts believed their discretion was limited. *O'Dell*, 183 Wn.2d at 685-86; *Houston-Sconiers*, 188 Wn.2d at 20-21. Our Supreme Court disagreed. In *O'Dell*, the court held "a trial court must be allowed to consider youth as a mitigating factor," but specifically recognized "age is not a per se mitigating factor automatically entitling every youthful defendant to an exceptional sentence." 183 Wn.2d at 695-96. In *Houston-Sconiers*, the court noted that the Eighth Amendment mandates courts recognize that "children are different." 188 Wn.2d at 18; *see also Miller v. Alabama*, 567 U.S. 460, 481, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). Due to this difference, trial courts "must have absolute discretion" to impose sentences below the standard applicable range and with or without otherwise mandatory sentence enhancements when sentencing a juvenile in adult court. *Houston-Sconiers*, 188 Wn.2d at 9.

A sentencing court must consider: (1) mitigating circumstances of youth, including the juvenile's "'immaturity, impetuosity, and failure to appreciate risks and consequences;'" (2) the juvenile's environment and family circumstances, the juvenile's participation in the crime, or the effect of familial and peer pressure; and (3) how youth impacted any legal defense, as well as any factors suggesting that the child might be rehabilitated. *Id.* at 23 (quoting *Miller*, 567 U.S. at 477).

A court that is sentencing a juvenile must "meaningfully consider" the individual circumstances of the particular juvenile offender. *O'Dell*, 183 Wn.2d at 696.

Trial courts have discretion to impose a standard range sentence or an exceptional sentence below the standard range, so long as the trial court meaningfully considers the defendant's youth as a mitigating factor. *Id.*; *Houston-Sconiers*, 188 Wn.2d at 21. The Eighth Amendment requires trial courts to have absolute discretion to consider the mitigating qualities of youth during sentencing; it does not entitle all juvenile defendants sentenced in adult court to exceptional downward sentences. *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 314, 440 P.3d 978 (2019). Showing that the trial court could have imposed a lower sentence does not by itself raise actual and substantial prejudice. *Id.* at 317.

Here, before imposing Madden's sentence, the trial court made extensive remarks regarding the evidence presented about the impact of Madden's youth and the considerations required by *Houston-Sconiers*. The trial court explained that it had "to take youthfulness and all of these surrounding circumstances, like home life and so forth, into consideration in making a sentencing determination but that it does not in any way dictate a particular result." Pet., Attach. D at 24-25. The trial court articulated its "discretion to go outside of the standard sentencing range," and its "discretion to not impose what we otherwise believe to be mandatory firearm sentencing enhancements." *Id.* at 25.

With regard to the first *Houston-Sconiers* factor, the mitigating circumstances of youth, including the juvenile's "'immaturity, impetuosity, and failure to appreciate risks and consequences,'" 188 Wn.2d at 23 (quoting *Miller*, 567 U.S. at 477), the court had evidence before it of Madden's diagnoses, including substance abuse disorders, attention deficit hyperactivity

disorder and oppositional defiance disorder. The trial court expressly acknowledged Madden's "separation anxiety, impulsivity, difficulty dealing with parents, problems coping with authority, difficulty in comprehending consequences of his actions[,] and susceptibility to peer pressure" reported by Madden's mother. Pet., Attach D at 26. But the trial court found that Madden's crime involved "intentional and purposeful" acts to "rob these two people of the Xanax," before, during, and after the shooting. *Id.* at 27. The trial court also found that "[t]his was not a factual circumstance, that, as I understand it, where he couldn't understand that shooting at people, they might get hit, and they might suffer physical injury, or what would happen if he pulled the trigger on a gun." *Id.* at 26.

With regard to the second *Houston-Sconiers* factor, the juvenile's environment and family circumstances, the juvenile's participation in the crime, or the effect of familial and peer pressure, 188 Wn.2d at 23, the trial court expressly and meaningfully considered this factor as well:

> This wasn't, at least as I understand the facts of this case, a situation where a young Mr. Madden was unable to stand up to peer pressure . . . . This wasn't a situation where he was having problems coping with authority, parents or otherwise.

Pet., Attach. D at 26.

> Certainly, Mr. Madden had a difficult start in life, being born to someone who utilized I believe it was methamphetamine when he was born. And [he] had a difficult start in life, no question about it. But at 17 years, 8 months and 20 days, especially given his prior behavior and opportunities to change the trajectory of his life, I believe he knew the consequences of what he did on June 23, 2017. I think he knew it every bit as much as someone who was 18 years, zero months and zero days would have, or 25 years and zero months and zero days would have. And I believe that the appropriate sentence is a sentence within the standard range sentence.

*Id.* at 28. The trial court explicitly considered Madden's "difficult start in life" but believed that, three months shy of his 18th birthday, Madden could comprehend that firing a loaded weapon multiple times at an occupied vehicle might cause injury to the occupants. *Id.*

With regard to the final *Houston-Sconiers* factor, how youth impacted any legal defense, as well as any factors suggesting that the child might be rehabilitated, 188 Wn.2d at 23, the trial court considered a psychiatric evaluation indicating that Madden is healthy, intelligent, and has good verbal skills. A declaration from Madden's mother also described times before his drug use began when he was able to maintain active participation in sports programs. But the trial court also noted "his prior behaviors and opportunities to change the trajectory of his life." Pet., Attach. D at 28.

The trial court, therefore, expressly discussed facts relevant to each of the required *Houston-Sconiers* factors on the record. Accordingly, we conclude that the trial court did meaningfully consider Madden's youth as a mitigating factor before exercising its discretion to impose a low-end standard range sentence, and it did not abuse its discretion in doing so. Because the trial court meaningfully considered Madden's youth, this case presents no violation of the Eighth Amendment or article I, section 14.

Madden effectively asks that we reweigh the evidence. We decline to do so. A reasonable person could come to the same decision as the trial court, and the trial court's decision was not based upon untenable grounds. Accordingly, Madden does not establish any error and thus fails to present any valid grounds for relief from restraint. Nor does he establish actual and substantial prejudice. We therefore deny his petition.

No. 52962-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, P.J.

Maxa, J.