# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51279-3-II |
| Respondent, | |
| v. | |
| MALISHA MIRANDA MORALES, | UNPUBLISHED OPINION REMAND FROM THE WASHINGTON SUPREME COURT |
| Appellant. | |

WORSWICK, J. — Following her guilty plea to second degree murder in superior court, Malisha Miranda Morales appealed her conviction and sentence. In a previous opinion, *State v. Morales*,[1] we affirmed her conviction and held that the sentencing court did not abuse its discretion by inadequately considering youth as a mitigating factor but remanded to the sentencing court to strike the criminal filing fee and interest accrual provision on nonrestitution LFOs.

Morales filed a petition for review of youth as a mitigating factor issue in the Supreme Court. Our Supreme Court granted review and remanded *Morales* I for this court to reconsider our decision in light of *State v. Delbosque*, 195 Wn.2d 106, 456 P.3d 806 (2020). Because *Delbosque* makes clear that sentencing courts must meaningfully consider on the record how the characteristics of youth may mitigate the culpability of a juvenile offender, we reverse our prior holding that the sentencing court did not abuse its discretion during sentencing and remand for

---

[1] No. 51279-3-II, (Wash. Ct. App. Apr. 7, 2020) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2051279-3-II%20Unpublished%20Opinion.pdf. (*Morales* I).

the sentencing court to reconsider Morales's youth. We further direct the sentencing court to strike the criminal filing fee and interest accrual provision on nonrestitution LFOs on remand.

FACTS

The State charged 16-year-old Morales with one count of first degree murder and five counts of first degree assault with a deadly weapon, alleging that Morales was an accomplice to the drive-by shooting death of a 15-year-old boy. Morales ultimately entered a guilty plea to second degree murder.

The State and defense counsel reminded the trial court that under *State v. Houston-Sconiers*,[2] it was obligated to consider Morales's youth as a mitigating factor in determining her sentence. The parties agreed to recommend the low end of the standard range. The trial court considered that Morales had no criminal history and noted that, although she did not fire the gun, she was nonetheless a "critical player" in the murder. Verbatim Report of Proceedings (VRP) (Nov. 22, 2017) at 18. "So it is only because of the *Houston-Sconiers* case and the [S]upreme [C]ourt's order that the Court must . . . consider your age and the impact that has on your ability to exercise good judgment that the Court is going to go along with the joint recommendation for the low end." VRP (Nov. 22, 2017) at 18-19.

The trial court sentenced Morales to 123 months of confinement—the low end of the standard range. The trial court also imposed a $500 crime victim assessment, $100 DNA (deoxyribonucleic acid) database fee, and $200 criminal filing fee and ordered that the LFOs would bear interest from the date of the judgment until payment in full. The trial court found that Morales lacked sufficient funds to prosecute an appeal and entered an order of indigency.

---

[2] 188 Wn.2d 1, 21, 391 P.3d 409 (2017).

Morales appealed, and we affirmed her conviction and sentence but remanded to the sentencing court to strike the criminal filing fee and interest accrual provision on nonrestitution LFOs. *Morales* I, slip op. at 10. Morales filed a petition for review by the Supreme Court arguing that the sentencing court abused its discretion by failing to adequately consider the characteristics of her youth during sentencing. Our Supreme Court granted review and remanded *Morales* I for this court to reconsider our decision in light of *State v. Delbosque*, 195 Wn.2d 106.

ANALYSIS

I. YOUTH AS A MITIGATING FACTOR

The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, prohibits appeal of a standard range sentence. RCW 9.94A.585(1). However, a defendant may challenge the procedure by which a standard range sentence is determined. *State v. Garcia-Martinez*, 88 Wn. App. 322, 329, 944 P.2d 1104 (1997). Review in such cases "is limited to circumstances where the court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range." *Garcia-Martinez*, 88 Wn. App. at 330.

Courts have "an affirmative duty to ensure that proper consideration is given to the juvenile's 'chronological age and its hallmark features.'" *State v. Ramos*, 187 Wn.2d 420, 443, 387 P.3d 650 (2017) (quoting *Miller v. Alabama*, 567 U.S. 460, 477, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (plurality opinion)). Those features include (1) mitigating circumstances of youth, including the juvenile's "'immaturity, impetuosity, and failure to appreciate risks and consequences'"; (2) the juvenile's environment and family circumstances, the juvenile's participation in the crime, or the effect of familial and peer pressure; and (3) how youth impacts

3

any legal defense, as well as any factors suggesting that the child might be rehabilitated. *Houston-Sconiers*, 188 Wn.2d at 23 (quoting *Miller*, 567 U.S. at 477).

Courts are required to consider these differences during sentencing in order to comply with the Eighth Amendment. *Houston-Sconiers*, 188 Wn.2d at 19. When doing so, courts must "fully and meaningfully" inquire into the individual circumstances of the particular juvenile offender. *State v. Solis-Diaz*, 194 Wn. App. 129, 141, 376 P.3d 458 (2016), *rev'd in part on other grounds*, 187 Wn.2d 535 (2017). However, "age is not a per se mitigating factor automatically entitling every youthful defendant to an exceptional sentence." *State v. O'Dell*, 183 Wn.2d 680, 695, 358 P.3d 359 (2015). Trial courts retain full discretion when considering the imposition of an exceptional sentence based on mitigating circumstances associated with youth. *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 314, 440 P.3d 978 (2019).

*Delbosque* involved a resentencing hearing pursuant to the *Miller*-fix statute. 195 Wn.2d 106 (citing RCW 10.95.030, .035). In sentencing Delbosque to a minimum term of 48 years in prison, the sentencing court stated that it considered the appropriate factors but determined that Delbosque's attitude toward others was "reflective of the underlying crime," and that the crime "was not symptomatic of transient immaturity, but has proven over time to be a reflection of irreparable corruption, permanent incorrigibility, and irretrievable depravity." *Delbosque*, 195 Wn.2d at 114, 116. On appeal, this court held that insufficient evidence supported the trial court's findings, and the Supreme Court affirmed. *Delbosque*, 195 Wn.2d at 120. The Supreme Court reiterated that when considering a defendant's youth at a *Miller* hearing, a sentencing court "'must meaningfully consider how juveniles are different from adults.'" *Delbosque*, 195 Wn.2d at 121 (emphasis omitted) (quoting *Ramos*, 187 Wn.2d at 434-35).

Here, the sentencing court acknowledged the application of *Houston-Sconiers* to Morales's sentencing, but did not expressly discuss any of the features of youth on the record. Rather, the sentencing court focused on the fact that Morales was a "critical player" in the murder. Although Morales did not request an exceptional downward sentence, and the sentencing court said on the record that it considered *Houston-Sconiers*, our Supreme Court precedent demands a more meaningful consideration of the *Houston-Sconiers* factors on the record when sentencing a juvenile in adult court.

This case is similar to the recent Supreme Court decision in *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 474 P.3d 524 (2020). There, our Supreme Court held that a petitioner proved he was actually and substantially prejudiced by the sentencing court's failure to consider mitigating circumstances related to his youth even though his appointed counsel did not request an exceptional downward sentence. *Domingo-Cornelio*, 196 Wn.2d at 268-69. The Supreme Court reasoned, "Unless the court meaningfully considers youth and knows it has absolute discretion to impose a lower sentence, we cannot be certain that an adult standard range was imposed appropriately on a juvenile under *Houston-Sconiers*." *Domingo-Cornelio* 196 Wn.2d at 268. As was the case in *Domingo-Cornelio*, remand for meaningful consideration of Morales's youth on the record and resentencing if warranted is appropriate.

We reverse our prior holding and hold that the sentencing court abused its discretion by not meaningfully considering Morales's youth. Accordingly, we remand to the sentencing court

No. 51279-3-II

to fully consider the features of youth identified in *Houston-Sconiers* at resentencing and to strike the $200 criminal filing fee and interest accrual provision on nonrestitution LFOs.[3]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

_____
Lee, C.J.

_____
Melnick J.

---

[3] In our previous opinion, we accepted the State's concession that the sentencing court erred by imposing a criminal filing fee and interest accrual provision on nonrestitution LFOs under *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). We reiterate that holding.