OWENS, J.
*312 ¶ 1 Time Rikat Meippen was a juvenile when he was convicted in adult court of first degree assault, first degree robbery, and second degree unlawful possession of a firearm. The trial court sentenced Meippen to the top of the standard sentencing range and imposed a firearm sentence enhancement. Several years after Meippen's sentencing, this court decided State v. Houston-Sconiers .[1] In Houston-Sconiers , this court held that when sentencing a juvenile in adult court, a trial court has absolute discretion to depart from the standard sentencing ranges and mandatory sentence enhancements prescribed by the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. 188 Wash.2d at 9, 391 P.3d 409. Meippen subsequently filed an untimely personal restraint petition (PRP), arguing that Houston-Sconiers constitutes a *980 significant and material change in the law that should apply retroactively.
¶ 2 Even assuming Meippen can show that Houston-Sconiers is a significant, material change in the law that applies retroactively, we hold that he is not entitled to collateral relief because he does not demonstrate that any error actually and substantially prejudiced him. Meippen does not show by a preponderance of the evidence that his sentence would have been shorter if the trial court had absolute discretion to depart from the SRA at the time of sentencing. The trial court had the discretion to impose a lesser sentence under the SRA at the time and instead sentenced Meippen at the top of the standard sentencing range. Accordingly, Meippen cannot make a threshold showing of actual and substantial prejudice, and we dismiss his *313 PRP. Thus, we decline to consider whether Houston-Sconiers is a significant, material change in the law that applies retroactively to cases on collateral review, and we save the question for another day.
FACTS
¶ 3 In 2006, Meippen robbed a tobacco store and shot the store clerk in the head, inflicting nonlethal injuries. Meippen was 16 years old. Meippen was automatically transferred to adult court, where a jury convicted him of first degree assault and first degree robbery, plus one firearm enhancement. See former RCW 13.04.030(1)(e)(v)(A) (2005). Meippen was also convicted of second degree unlawful possession of a firearm in a concurrent bench trial.
¶ 4 At sentencing, Meippen's counsel recommended that Meippen receive a bottom-end standard range sentence. Meippen's counsel argued that Meippen was too young to appreciate the nature and consequences of his actions and that he "lack[ed] an understanding ... of the seriousness of the situation he involved himself in." State's Resp. to PRP, App. at 27-28. Meippen's counsel also noted that Meippen was "very immature in his thought processes and beliefs" and opined that due to Meippen's age, a lengthy prison sentence would be especially difficult. Id. at 27; see id. at 28. The trial court rejected counsel's recommendation, stating, "I find [Meippen's] behavior cold, calculated, and it showed complete indifference towards another human being." Order Transferring Mot. for Relief from J. to Court of Appeals, State v. Meippen , No. 06-1-05905-7-SEA, App. A at 17 (King County Super. Ct. Oct. 20, 2017). The court imposed a top-end standard range sentence of 231 months in confinement, including a 60-month firearm sentence enhancement. Meippen appealed. The Court of Appeals affirmed his convictions and sentence and issued its mandate in 2009. State v. Meippen , noted at 149 Wash. App. 1014, 2009 WL 597290 (2009).
*314 ¶ 5 Nearly eight years after Meippen's judgment and sentence became final, this court decided Houston-Sconiers . In Houston-Sconiers , this court noted that the Eighth Amendment to the United States Constitution requires courts to recognize that "children are different." 188 Wash.2d at 18, 391 P.3d 409. This court reasoned that because children are different, the Eighth Amendment mandates that trial courts have absolute discretion to impose sentences below the SRA standard sentencing ranges and mandatory sentence enhancements when sentencing a juvenile in adult court. Id. at 9, 391 P.3d 409. This court further held that to comply with the Eighth Amendment's mandate, trial courts must have complete discretion to consider the mitigating qualities associated with youth at sentencing. Id. at 21, 391 P.3d 409. These mitigating qualities include a juvenile defendant's age, immaturity, and failure to appreciate risks and consequences. Id. at 23, 391 P.3d 409.
¶ 6 In 2017, Meippen filed a pro se motion for relief from judgment, requesting a new sentencing hearing. The trial court transferred Meippen's untimely motion to the Court of Appeals for consideration as a PRP. Soon after, Meippen filed an amended PRP, arguing that his petition was timely because Houston-Sconiers represents a significant and material change in the law that should apply retroactively to his sentence. The Court of Appeals transferred Meippen's amended PRP to this court as a successive petition that raised new grounds. This court retained the petition for consideration on the merits.
*981 ISSUE
¶ 7 Does Meippen demonstrate that the trial court's alleged sentencing error actually and substantially prejudiced him such that this court will consider whether Houston-Sconiers is a significant, material change in the law that applies retroactively to cases on collateral review?
ANALYSIS
¶ 8 Meippen argues that the one-year time bar does not apply to his PRP because Houston-Sconiers constitutes a *315 significant and material change in the law that should apply retroactively to cases on collateral review. We hold that Meippen fails to demonstrate that the trial court actually and substantially prejudiced him because he does not show by a preponderance of the evidence that his sentence would have been shorter if the trial court had absolute discretion to depart from the SRA at the time of his sentencing. Because Meippen does not meet his threshold burden of showing actual and substantial prejudice, we must dismiss his petition. Accordingly, we decline to consider whether Houston-Sconiers is a significant, material change in the law that applies retroactively.
¶ 9 A petitioner is generally barred from filing a PRP "more than one year after [his] judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). A petitioner can overcome the one-year time bar if he can identify (1) a significant change in the law, (2) that is material to his conviction or sentence, and (3) that applies retroactively. RCW 10.73.100(6) ; State v. Miller , 185 Wash.2d 111, 114, 371 P.3d 528 (2016). However, a petitioner must show not only error but also a threshold showing of harm to obtain relief on a PRP. In re Pers. Restraint of McNeil , 181 Wash.2d 582, 589, 334 P.3d 548 (2014) ; see State v. Buckman , 190 Wash.2d 51, 65, 409 P.3d 193 (2018). "These threshold requirements are justified by the court's interest in finality, economy, and integrity of the trial process and by the fact that the petitioner has already had an opportunity for judicial review." In re Pers. Restraint of Isadore , 151 Wash.2d 294, 298, 88 P.3d 390 (2004).
¶ 10 A petitioner alleging constitutional error has the threshold, prima facie burden of showing by a preponderance of the evidence that he was actually and substantially prejudiced by the alleged error. In re Pers. Restraint of Davis , 152 Wash.2d 647, 671-72, 101 P.3d 1 (2004). In doing so, the petitioner " 'must shoulder the burden of showing, not merely that the errors at his trial created a possibility of *316 prejudice,' " but that the outcome would more likely than not have been different had the alleged error not occurred. In re Pers. Restraint of Hagler , 97 Wash.2d 818, 825, 650 P.2d 1103 (1982) (quoting United States v. Frady , 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L.Ed. 2d 816 (1982) ); see Buckman , 190 Wash.2d at 60, 409 P.3d 193. If the petitioner fails to make the threshold, prima facie showing of actual and substantial prejudice, we must dismiss his PRP. In re Pers. Restraint of Yates , 177 Wash.2d 1, 17, 296 P.3d 872 (2013) ; see In re Pers. Restraint of Khan , 184 Wash.2d 679, 686, 363 P.3d 577 (2015) (plurality opinion) (stating that a PRP may be dismissed without addressing a debatable legal issue that was properly raised).
¶ 11 Meippen contends that Houston-Sconiers renders his sentence unconstitutional. Because Meippen alleges a constitutional error, he must show that he was actually and substantially prejudiced by the trial court's alleged error to obtain collateral relief. Meippen fails to meet this threshold, prima facie burden for the following reasons.
¶ 12 To begin with, Meippen does not show by a preponderance of the evidence that his sentence would have been shorter if Houston-Sconiers was a significant, material change in the law that applied retroactively. At sentencing, Meippen's counsel argued that mitigating qualities of youth-Meippen's age, immaturity, and failure to appreciate the consequences of his actions-supported a sentence at the bottom of the standard range. The trial court considered these mitigating qualities and, nevertheless, imposed a top-end standard range sentence.
*982 ¶ 13 Significantly, the trial court already possessed the discretion to depart from the SRA standard sentencing ranges at the time of Meippen's sentencing. The trial court had the discretion to impose an exceptional sentence downward based on Meippen's youth, but it declined to do so. In re Pers. Restraint of Light-Roth , 191 Wash.2d 328, 336, 422 P.3d 444 (2018) ("[The SRA] has always provided the opportunity *317 to raise youth for the purpose of requesting an exceptional sentence downward, and mitigation based on youth is within the trial court's discretion."). Nothing in our record suggests that the trial court would have exercised its discretion to depart from the SRA sentence enhancement guidelines. The trial court determined that Meippen's actions were cold and calculated, and it clearly intended to impose a sentence at the top of the standard range despite Meippen's youth.
¶ 14 Finally, although there is a mere possibility that the trial court could have departed from the SRA in light of Houston-Sconiers , mere possibilities do not establish a prima facie showing of actual and substantial prejudice. Meippen does not present any evidence that the trial court would have imposed a lesser sentence if it had the discretion to depart from the SRA standard sentencing ranges and mandatory sentence enhancements. The trial court already had the discretion to impose a lesser sentence but declined to do so. Accordingly, Meippen fails to show by a preponderance of the evidence that he was actually and substantially prejudiced by the trial court's alleged error. Because Meippen does not make a threshold, prima facie showing of actual and substantial prejudice, he is not entitled to collateral relief. Thus, we dismiss his PRP and decline to consider whether Houston-Sconiers represents a significant, material change in the law that should apply retroactively to cases on collateral review.
CONCLUSION
¶ 15 Meippen does not show by a preponderance of the evidence that his sentence would have been shorter if the trial court had absolute discretion to depart from the SRA at the time of his sentencing. As a result, Meippen fails to show that he was actually and substantially prejudiced during sentencing, and we dismiss his PRP. We decline to consider whether Houston-Sconiers is a significant, material *318 change in the law that applies retroactively to cases on collateral review and save the question for another day.
WE CONCUR:
Fairhurst, C.J.
Johnson, J.
Madsen, J.
Stephens, J.

188 Wn.2d 1, 391 P.3d 409 (2017).