**FILED**
**JULY 30, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 34798-2-III |
| | ) | |
| VY THANG, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — Vy Thang has filed a personal restraint petition, challenging the constitutionality of a sentence imposed pursuant to Washington's *Miller*[1]-fix statute, RCW 10.95.030(3). We find Mr. Thang is not entitled to relief and dismiss the petition.

BACKGROUND

In August 1997, when Vy Thang was 17 years old, he escaped from juvenile detention while on a field trip and traveled to Spokane to stay with a friend's acquaintance. *State v. Vy Thang*, 103 Wn. App. 660, 663, 13 P.3d 1098 (2000) (*Vy Thang* I); *State v. Vy Thang*, 145 Wn.2d 630, 634, 41 P.3d 1159 (2002) (*Vy Thang* II). Mr. Thang was arrested the next month for the murder of Mildred Klaus, who died as a result of "blunt impact injuries." *Vy Thang* II, 145 Wn.2d at 634. At trial, the State argued Mr. Thang had broken into Ms. Klaus's home and killed her during a robbery gone awry. *Id*. at 639-40; *Vy Thang* I, 103 Wn. App. at 664. In 1999, and again in 2003 after a retrial, a jury

convicted Mr. Thang of aggravated first degree murder. Following his retrial, the court

sentenced Mr. Thang to life imprisonment without the possibility of parole.

Since Mr. Thang's conviction, juvenile sentencing jurisprudence has evolved

rapidly. Both the Washington Supreme Court and United States Supreme Court have

found that characteristics inherent to youth make juveniles categorically less culpable

than adults who commit the same crimes. *State v. Bassett*, 192 Wn.2d 67, 87-88, 428

P.3d 343 (2018); *Graham v. Florida*, 560 U.S. 48, 68, 130 S. Ct. 2011, 176 L. Ed. 2d 825

(2010); *Miller v. Alabama*, 567 U.S. 460, 472, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

"These salient characteristics mean '[i]t is difficult even for expert psychologists to

differentiate between the juvenile offender who's crime reflects unfortunate, yet transient

immaturity, and the rare juvenile offender whose crime reflects irreparable corruption.'"

*Graham*, 560 U.S at 68 (alteration in original) (quoting *Roper v. Simmons*, 543 U.S. 551,

573, 125 S. Ct. 1183 161 L. Ed. 2d 1 (2005).

Based on the increased awareness of juvenile brain development, the United States

Supreme Court has barred courts from subjecting juveniles to a life sentence without the

possibility of parole, except in rare murder cases where a court found the youth "'whose

---

[1] *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

crime reflects irreparable corruption.'" *Montgomery v. Louisiana*, ___ U.S. ___,

136 S. Ct. 718, 734, 193 L. Ed 2d 599 (2016) (quoting *Miller*, 567 U.S. at 479-80).

Our legislature responded to the United States Supreme Court's juvenile

jurisprudence by enacting RCW 10.95.030(3), also known as Washington's *Miller*-fix

statute. LAWS OF 2014, ch. 130, § 9; *Bassett*, 192 Wn.2d at 74. The legislature also

required all juveniles serving a life without parole sentence to be resentenced. *Bassett*,

192 Wn.2d at 74 (citing RCW 10.95.035). The resentencing court must consider the

mitigating factors inherent to youth outlined in *Miller* and other relevant information.

RCW 10.95.030(3)(b). The statute permits courts to sentence 16- and 17-year-olds

convicted of aggravated first degree murder to a minimum sentence of 25 years or more,

and requires a maximum sentence of life. RCW 10.95.030(3)(a)(ii). Those offenders

who were 15 years old or younger when they committed aggravated first degree murder

are subject to a slightly lesser sentence: a minimum sentence of exactly 25 years and

maximum sentence of life. RCW 10.95.030(a)(i). In other words, unlike sentences for

16- or 17-year-olds, sentencing courts lack the discretion to impose any minimum

sentence other than 25 years for offenders aged 15 or younger. *Id.* ("Any person

convicted of the crime of aggravated first degree murder for an offense committed

prior to the person's sixteenth birthday *shall* be sentenced to a maximum term of life

imprisonment *and a minimum term of total confinement of twenty-five years*.") (emphasis added).

Since the adoption of the *Miller*-fix statute, our Supreme Court has gone beyond the standards set by the United States Supreme Court and made further advances in juvenile justice jurisprudence. It has declared all juvenile life sentences violate our state constitution's proscription of cruel punishments. *Bassett*, 192 Wn.2d at 90. Sentencing courts may now consider the impact of youth's trademark characteristics on defendants older than 18. *State v. O'Dell*, 183 Wn.2d 680, 698-99, 358 P.3d 359 (2015). And in all cases involving a defendant under 18, courts now enjoy absolute discretion to depart from statutory sentencing ranges based on the mitigating circumstances associated with youth. *State v. Houston-Sconiers*, 188 Wn.2d 1, 34, 391 P.3d 409 (2017); *State v. Gilbert*, 193 Wn.2d 169, 175-76, 438 P.3d 133 (2019).

Mr. Thang was resentenced under Washington's *Miller*-fix law on September 23, 2015, before many of our Supreme Court's changes to juvenile justice jurisprudence. At his hearing, Mr. Thang admitted, for the first time, to killing Ms. Klaus. The sentencing court considered Mr. Thang's remorse as well as factors relevant to Mr. Thang's youth as required by statute and the United States Supreme Court's decision in *Miller*. The resentencing court noted Mr. Thang's minimum term of confinement was 25 years.

The court then imposed a minimum term of 420 months, or 35 years—10 years more than the minimum specified in the *Miller*-fix statute.

Mr. Thang filed a timely personal restraint petition on September 21, 2016, challenging the constitutionality of the *Miller*-fix statute's age-based classifications.

ANALYSIS

Mr. Thang argues the resentencing changes in Washington's *Miller*-fix statute, RCW 10.95.030(3), violate his rights to equal protection[2] and substantive due process.[3] Both are constitutional issues that this court reviews de novo. *Amunrund v. Bd. of Appeals*, 158 Wn.2d 208, 215, 143 P.3d 571 (2006).

Mr. Thang's substantive due process and equal protection claims are both subject to rational basis review. *State v. Schaaf*, 109 Wn.2d 1, 19, 743 P.2d 240 (1987) (age-based distinctions not suspect); *Houser v. State*, 85 Wn.2d 803, 805, 540 P.2d 412 (1975) (same), *overruled on other grounds by State v. Smith*, 93 Wn.2d 329, 336 n.2, 610 P.2d 869 (1980). Rational basis review is the "most relaxed and tolerant form of judicial scrutiny." *State v. Shawn P.*, 122 Wn.2d 553, 561, 859 P.2d 1220 (1993). Under that

---

[2] U.S. CONST. amend. XIV; WASH. CONST. art. I, § 12.
[3] U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3.

standard, the "law will survive . . . unless the plaintiffs prove that the law's class based distinctions are wholly irrational." *Ramos v. Town of Vernon*, 353 F.3d 171, 175 (2d Cir. 2003).

*Equal protection*

The equal protection clauses of the federal and state constitutions require that "'all persons similarly situated should be treated alike.'" *Am. Legion Post No. 149 v. Dep't of Health*, 164 Wn.2d 570, 608, 192 P.3d 306 (2008) (quoting *O'Hartigan v. Dep't of Pers.*, 118 Wn.2d 111, 121, 821 P.2d 44 (1991)). "Equal protection does not require that all persons be dealt with identically, but it does require that the distinction made have some relevance to the purpose for which the classification is made." *In re Pers. Restraint of Stanphill*, 134 Wn.2d 165, 174, 949 P.2d 365 (1998). Classifications "need not be made with 'mathematical nicety' and [their] application may 'result in some inequality.'" *American Legion*, 164 Wn.2d at 609 (quoting *Anderson v. King County*, 158 Wn.2d 1, 31-32, 138 P.3d 963 (2006)). Changes to a criminal code that result in offenders being subject to different sentencing schemes alone do not violate equal protection guarantees. *Stanphill*, 134 Wn.2d at 175.

Mr. Thang argues the *Miller*-fix statute's distinction between 15-year-olds convicted of first degree murder and their 16- or 17-year-old counterparts is arbitrary. *See* RCW 10.95.030(3)(a)(i), (ii). We disagree.

"The [l]egislature often makes age-based distinctions in establishing legal consequences." *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 974, 977 P.2d 554 (1999). "These age distinctions are based on society's judgments about maturity and responsibility." *Id*. The validity of such distinctions does not depend on "scientific proof." *Id*. at 975.

The age of 16 is a common one for legal distinctions between juveniles. Teenagers are not permitted to drive alone until age 16. RCW 46.20.075(1), (2). Minors aged 15 or younger are not allowed to do certain types of work. *E.g.*, WAC 296-125-024(1); WAC 296-125-033. And juvenile courts are automatically divested of jurisdiction over certain offenses committed by 16- or 17-year-olds, but are presumed to retain jurisdiction over those committed by minors aged 15 and younger. RCW 13.04.030(1)(e)(iii), (v); *State v. Watkins*, 191 Wn.2d 530, 539, 546-47, 423 P.3d 830 (2018).

The legislature is "empowered to make" a "distinction between a young person who commits a crime one second before his sixteenth birthday, and one who commits a

crime one second after his sixteenth birthday." *In re Boot*, 130 Wn.2d 553, 573, 925 P.2d 964 (1996). We will not second-guess this distinction.

*Substantive due process*

In addition to his equal protection argument, Mr. Thang claims the *Miller*-fix statute is itself irrational, and its application violates his substantive due process rights, because it unconstitutionally requires a minimum term of incarceration for a juvenile offender. As previously noted, our Supreme Court has recently recognized that absolute mandatory minimum penalties cannot be enforced against juvenile offenders. *Gilbert*, 193 Wn.2d at 175 ("[S]entencing courts possess . . . discretion to consider downward sentences for juvenile offenders regardless of any sentencing provision to the contrary.") (citing *Houston-Sconiers*, 188 Wn.2d at 21). According to Mr. Thang, the legislature's adoption was arbitrary and irrational since it created an unenforceable mandatory minimum term of incarceration for juvenile offenders.

We disagree with Mr. Thang's construction of the *Miller*-fix statute. Our Supreme Court has repeatedly reviewed mandatory minimum penalties that purport to apply to juveniles, but has declined to strike them down as unconstitutional. *See, e.g.*, *Gilbert*, 193 Wn.2d at 175-76 (reading RCW 10.95.035 to allow for sentencing discretion); *Houston-Sconiers*, 188 Wn.2d at 21 (Criminal statutes must be interpreted to allow

8

discretion with regard to juveniles.). Instead, the court has interpreted those statutory provisions as including the safety valve of an exceptional sentence downward. *Gilbert*, 193 Wn.2d at 175 (recognizing "discretion to consider exceptional sentencing even where statutes would otherwise limit it"). Based on this guidance from the Supreme Court, we hold the *Miller*-fix statute can be interpreted in a constitutional manner by understanding it to allow for the possibility of exceptional sentences downward.

When properly construed, the *Miller*-fix statute meets the rational basis test. The interest in promoting uniformity in sentencing provided the legislature a rational basis for suggesting a specific minimum term of incarceration for aggravated first degree murder. In addition, 25 years was a reasonable sentencing recommendation, given that 20 years is the minimum standard range sentence for nonaggravated first degree murder. RCW 9.94A.510, .515, .540(1)(a). The *Miller*-fix statute therefore withstands Mr. Thang's constitutional challenge.

Mr. Thang appears to object to the fact that the sentencing court did not recognize the constitutional safeguard applicable to the *Miller*-fix statute. Mr. Thang points out that, at sentencing, the trial court indicated it could not impose a sentence below the minimum term of 25 years. To the extent Mr. Thang makes a claim regarding the trial court's failure to recognize sentencing discretion, his argument sounds in the constitutional right to be

9

free from cruel and unusual punishment, not in the substantive due process right to be free

from arbitrary treatment. *See Houston-Sconiers*, 188 Wn.2d at 18 (The prohibition on

cruel and unusual punishment mandates that sentencing judges have discretion in juvenile

cases.). Because Mr. Thang has not asserted a claim under the Eighth Amendment to the

United States Constitution or article I, section 14 of the Washington Constitution, his

argument is not properly before this court.

Even if Mr. Thang had made a claim that his sentence amounted to cruel and

unusual punishment, the claim would fail because Mr. Thang cannot make a threshold

showing of "actual and substantial prejudice." *In re Pers. Restraint of Davis*, 152 Wn.2d

647, 671-72, 101 P.3d 1 (2004). In the context of a personal restraint petition, it is not

sufficient for a petitioner to show the existence of constitutional error. Instead, the

petition must show, by a preponderance of the evidence, the error had a real impact on

the petitioner's case. "[M]ere possibilities do not establish a prima facie showing of

actual and substantial prejudice." *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 317,

440 P.3d 978 (2019). Mr. Thang proffers that the resentencing court might have chosen

a sentence below 35 years had it known it could impose a sentence below the 25-year

minimum. This claim is too speculative to warrant relief. At the time of Mr. Thang's

resentencing, the "trial court already had the discretion to impose" a sentence less than

35 years "but declined to do so." *Id.* Given this circumstance, Mr. Thang cannot make the requisite showing of prejudice.

CONCLUSION

Mr. Thang has not established he is entitled to relief from his judgment and sentence. His petition is therefore dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Lawrence-Berrey, C.J.          Siddoway, J.

11