# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>MIGUEL A. TRUJEQUE-MAGANA, AKA JORGE RICARDO CONGORA-CHI,<br><br>               Petitioner. | No.  53697-8-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Miguel Trujeque-Magana seeks relief from personal restraint imposed as a result of his 2016 convictions for possession of heroin with intent to deliver (count 1), possession of cocaine with intent to deliver while armed with a firearm and within a school bus route stop (count 4), two counts of first degree unlawful possession of a firearm (counts 6 and 7), and alien in possession of a firearm (count 8).[1]  The State argued for an exceptional sentence above the standard range.  The trial court declined, concluding that "the sentence I will impose within the standard range with proper calculation of enhancements will be a substantial punishment."  11 Verbatim Report of Proceedings, No. 49601-1-II, at 1293.  The court sentenced Trujeque-Magana

---

[1] We issued the mandate of Trujeque-Magana's direct appeal on June 12, 2019, making his July 3, 2019 petition timely filed.  RCW 10.73.090(3)(b).

on count 4 to a base sentence of 96 months, plus a consecutive 24-month school bus route stop sentencing enhancement, plus 120 months of firearm sentencing enhancements, for a total sentence of 240 months, which was the statutory maximum sentence.[2]

Trujeque-Magana argues that the trial court abused its discretion by not considering running his firearm sentencing enhancement and his school bus route stop sentencing enhancement concurrently with each other and with his base sentence on count 4. But a trial court is usually required to run multiple firearm sentencing enhancements consecutive to each other, to other sentencing enhancements, and to the base sentence. RCW 9.94A.533(3)(e); *State v. DeSantiago*, 149 Wn.2d 402, 417, 68 P.3d 1065 (2003). None of the cases upon which Trujeque-Magana relies required the trial court to consider concurrent firearm sentencing enhancements when sentencing an adult offender for possession of controlled substances with intent to deliver them, such as *In re Personal Restraint of Mulholland*, 161 Wn.2d 322, 330-31, 166 P.3d 677 (2007) (consideration of concurrent sentences for multiple serious violent offenses), *State v. Houston-Sconiers*, 188 Wn.2d 1, 18-21, 391 P.3d 409 (2017) (consideration of concurrent sentencing enhancements for juvenile offenders), and *State v. McFarland*, 189 Wn.2d 47, 49-50, 399 P.3d 1106 (2017) (consideration of concurrent sentences for multiple firearm-related offenses).

Further, Trujeque-Magana "does not present any evidence that the trial court would have imposed a lesser sentence if it had the discretion to depart from the [Sentencing Reform Act of 1981, ch. 9.94A RCW] standard sentencing ranges and mandatory sentence enhancements." *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 317, 440 P.3d 978 (2019). Therefore, he does not

---

[2] The trial court doubled the statutory maximum sentence to 240 months under RCW 69.50.435(1).

No. 53697-8-II

make a prima facie showing of actual and substantial prejudice that would entitle him to relief from restraint. *Id.*

Trujeque-Magana does not show that he is entitled to relief from restraint. We therefore deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, J.

We concur:

LEE, A.C.J.

MELNICK, J.