IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 81229-7-I |
| DAVID TOAN MAI, | UNPUBLISHED OPINION |
| Petitioner. | |

BOWMAN, J. — In this personal restraint petition (PRP), David Toan Mai asks us to remand the 100-month sentence imposed on his conviction for theft in the first degree. He argues that his attorney was ineffective at sentencing for failing to object to the prosecutor's and victim's improper statements and not presenting adequate mitigating evidence. We deny Mai's PRP.

FACTS

While working as the accountant and chief financial officer (CFO) for 13 years at DiagnosTechs Inc., Mai embezzled more than $1,000,000. In May 2015, police arrested Mai while trying to board a plane to Vietnam with a large amount of money and several digital storage devices.

In April 2017, Mai pleaded guilty to one count of theft in the first degree, stipulated to a major economic offense aggravator under RCW 9.94A.535(3)(d), and agreed to pay $2,655,355.79 in restitution. Specifically:

> Mai admitted that between January 1, 2002, and February 19, 2015, he wrongfully obtained United States currency belonging to Diagnos[ ]Techs in a series of transactions which were part of a criminal episode. He further stipulated to "intentionally embezzl[ing]

Citations and pin cites are based on the Westlaw online version of the cited material.

money from Diagnos[ ]Techs by writing multiple checks over a long period of time against the accounts of Diagnos[ ]Techs without permission for [his] own personal financial benefit exceeding over $1,000,000," and that his conduct "constitutes a major economic offense or series of offenses under RCW 9.94A.535(3)(d)."[1]

The State sought 100 months of confinement based on the assumption that Mai retained a large amount of the stolen funds.

In Mai's presentence report, defense counsel requested the court "impose the following sentence:  364 days in jail; no contact with all victims; restitution; $500 [victim penalty assessment]; $100 DNA[2] fee; and waiver of all non-mandatory assessments, costs, fines, trust fees and interest."  The report discussed Mai's personal background, love and affection for his wife and young children, and how "the money he took without permission was immediately spent on household expenses and his family."  The report states, "There is ongoing federal litigation . . . over ownership of the company that involves David Mai as well as a civil suit by the current owner [of DiagnosTechs], Maroun El Khoury, against David."

Defense counsel argued the court should consider that the standard-range sentence for first degree theft is 0 to 90 days confinement,[3] that Mai "has no criminal history of any kind," that his family will have a difficult time surviving without his financial support while he is incarcerated, and that the State's "request for 100 months for someone with no criminal history is higher than a first

---

[1] State v. Mai, No. 77250-3-I, slip op. at 3 (Wash. Ct. App. Jan. 22, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/772503.pdf (second and fifth alterations in original).

[2] Deoxyribonucleic acid.

[3] The maximum term is 10 years and/or a $20,000 fine.

time sentence for manslaughter, child rape or kidnapping."  Counsel also attached to the presentence report 16 letters from friends and family attesting to Mai's character and asking for leniency, including from his former coworkers, wife, mother, younger sister, uncle, and pastor.

At sentencing, the State argued that Mai transferred "about 1.2 million" dollars "to other bank accounts, friends[,] and family" and that

> we don't know what happened to that money.  There's no way to recover that money.  My feeling is that Mr. Mai did those things to keep that money away from his victim, who's been pursuing a civil action against him to try to recover some of that money.

The State also argued its theory that Mai "was trying to start a business in Vietnam or someplace in Southeast Asia" by trying to steal proprietary information from DiagnosTechs.

DiagnosTechs owner El Khoury also spoke at sentencing.  El Khoury said Mai "betrayed my trust" and "the trust of 95 to 100 employees and their families . . . by unlawfully taking . . . over $2.6 million in company funds through various schemes over the years."  He described how he hired a new accountant, attorneys, and a forensic consultant to discover the extent of Mai's fraud schemes; Mai's purchases showing he and his wife were "living a lavish lifestyle on the stolen money"; Mai's overseas bank account with over $1.2 million in embezzled funds that was "likely not within the reach of the U.S. courts"; and how Mai's wife and brother also participated in the schemes.

Mai's counsel did not object to the prosecutor's or El Khoury's remarks. But defense counsel disputed the allegation that Mai secreted away money, saying Mai "would do anything certainly to not spend years and years of his life in

3

prison. He has no more money." Mai also addressed the court, apologized "for what happened," and said, "I wish[ ] I had a second chance, and I would not ever do that again. And I wish that I can get back to work quickly so that I can pay my debt."

The sentencing court followed the State's recommendation, imposed a 100-month exceptional sentence, and entered written findings of fact and conclusions of law in support of its decision.

On appeal, we affirmed Mai's sentence and concluded that the court did not abuse its discretion by imposing an exceptional sentence. Mai, No. 77250-3-I, slip op. at 8. Mai timely filed this PRP exactly one year after this court's mandate. RCW 10.73.090.

ANALYSIS

Mai contends his attorney was ineffective at sentencing for failing to object to improper statements and present adequate mitigating evidence. A personal restraint petitioner has the burden of showing by a preponderance of the evidence that an alleged constitutional error caused the petitioner actual prejudice. In re Pers. Restraint of Meippen, 193 Wn.2d 310, 315-16, 440 P.3d 978 (2019).

Failure to Object to Improper Statements

Mai claims that his defense counsel was ineffective for failing to object to any of the prosecutor's and El Khoury's remarks at sentencing. To prove ineffective assistance of counsel based on failure to object, a defendant must show that his attorney's deficient conduct "fell below prevailing professional

norms, that the proposed objection would likely have been sustained, and that the result of the [sentencing] would have been different if the [statements] had not been admitted." In re Pers. Restraint Petition of Davis, 152 Wn.2d 647, 714, 101 P.3d 1 (2004).[4]  But we "need not address whether counsel's performance was deficient if [we] can first say that the defendant was not prejudiced." In re Pers. Restraint of Rice, 118 Wn.2d 876, 889, 828 P.2d 1086 (1992).

Mai has not shown how his attorney's failure to object prejudiced him.[5] Nor has he shown a likelihood that the sentencing court would have sustained any objection.  We are satisfied that the sentencing court would have imposed the same exceptional sentence, even if Mai's counsel had raised objections, based on its written findings and conclusions that state, in pertinent part:

> Defendant David Toa[n] Mai was employed as Chief Financial Officer of DiagnosTechs, Inc., from 2002 until 2015. Diagnos[ ]Techs entrusted Mai with the bank accounts, books, and records of DiagnosTechs so he could perform his duties as CFO. An investigation conducted in 2015 and 2016 by DiagnosTechs revealed that Mai embezzled at least $1,000,000 from DiagnosTechs by writing multiple checks against the businesses's bank accounts without permission for petty cash, for his personal financial expenses, credit card bills, and other financial gain, which also included other acts of embezzlement against Diagnos[ ]Techs.
>
> . . . .
>
> Defendant's conduct constitutes a major economic offense or series of offenses under RCW 9.94A.535(3)(d) because there were multiple incidents of theft against the victim, the monetary loss is substantially greater than typical for a single count of first-degree

---

[4] Footnotes omitted.

[5] We are also mindful that in view of Mai's involvement in two ongoing lawsuits at the time, it is possible counsel's failure to object was an exercise of reasonable professional judgment.  An evidentiary dispute at that juncture may have compromised Mai's positions in other litigation.  See State v. Alvarado, 89 Wn. App. 543, 548, 949 P.2d 831 (1998) (defendant must show the absence of a legitimate tactical decision to support an ineffective assistance of counsel claim).

theft, defendant's offenses occurred over a long period of time, and defendant used his position of trust to facilitate the commission of the current offense.

. . . .

Each one of these aggravating circumstances is a substantial and compelling reason, standing alone, that is sufficient justification for the length of the exceptional sentence imposed. In the event that an appellate court affirms at least one of the substantial and compelling reasons, the length of the sentence should remain the same.

Contrary to Mai's claim, it is clear that the sentencing court did not rely on any improper remarks or opinions by the State or victim as a basis to support an exceptional sentence. As a result, Mai was not prejudiced by the sentencing court's consideration of the statements he now challenges.

Failure To Present Adequate Mitigating Evidence

Mai claims his counsel "[i]n essence" had him stand before the court "with no mitigating evidence presented for the purposes of sentencing." Mai asserts, "At the very least," his defense counsel "could have emphasized" that he "had an offender score of zero, resulting in a standard sentencing range of 0 to 90 days." The record does not support Mai's claim.

To establish ineffective assistance of counsel based on a failure to present mitigating evidence, a petitioner must submit "sufficient facts" to support the claim. Rice, 118 Wn.2d at 889-90. Here, Mai's counsel filed a presentence report and submitted several character letters. In his report and at the sentencing hearing, counsel informed the court that Mai "has no criminal history of any kind whatsoever," discussed the impact Mai's incarceration would have on his family's ability to "survive," described Mai's need "to work to support his family

6

and to make DiagnosTechs whole for the money he took," and addressed the circumstances surrounding Mai's alleged refusal to return the stolen money to DiagnosTechs. The sentencing court was aware of the mitigating factors but was not inclined to mitigate Mai's sentence. Mai does not show sufficient facts to establish his attorney's conduct prejudiced him.

Because he fails to meet the threshold burden of showing actual prejudice arising from constitutional error, we deny Mai's PRP.

_____, J

WE CONCUR:

_____, J.        _____, J.

7