# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of: | DIVISION ONE |
| | No. 77174-4-I |
| MICHAEL DEAN KOEHLER JR., | UNPUBLISHED OPINION |
| Petitioner. | |

DWYER, J. — Michael Koehler Jr. filed this personal restraint petition challenging the sentence imposed on him following a conviction of murder in the first degree with a deadly weapon enhancement, a crime committed when he was 17 years old. Koehler contends that recent developments in our Supreme Court's juvenile sentencing jurisprudence have rendered his sentence unconstitutional. Because Koehler fails to establish actual and substantial prejudice, we deny the petition.

I

Michael Koehler Jr. and his co-defendant Gregory Torres murdered Melissa Marshall in Lake Fenwick Park in Kent. Marshall accompanied Koehler and Torres to the park after agreeing to have sex with them in exchange for drugs. At the park, Torres pointed a knife at Marshall's chest and Koehler held a knife to her throat. Torres ordered Marshall to take her clothes off, stabbed her one time in the stomach, and raped her. Meanwhile, Koehler went through

Marshall's clothing searching for money. Koehler smelled what he believed was feces and stated as much, causing Torres to get off of Marshall. Marshall attempted to run away, Koehler and Torres ran after Marshall, caught her and stabbed her to death. During the course of the attack, Koehler said, "[t]his is fun, so fun." Marshall was stabbed more than 90 times.

Koehler pleaded guilty as charged. The standard sentencing range for Koehler was 264 to 344 months of incarceration, including a 24 month deadly weapon enhancement. Koehler requested a low-end standard range sentence. The State requested a mid-range sentence of 300 months. The trial court determined that two aggravating factors were present, deliberate cruelty and sexual motivation, and imposed an exceptional sentence of 380 months upon Koehler.

II

Koehler contends that our Supreme Court's decision in State v. Houston-Sconiers, 188 Wn.2d 1, 391 P.3d 409 (2017), entitles him to resentencing. This is so, he avers, because the sentencing judge did not fully consider the mitigating qualities of youth. Because Koehler does not demonstrate actual and substantial prejudice, he is not entitled to relief.

"Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment." In re Pers. Restraint of Coats, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). A petitioner alleging constitutional error bears the threshold burden of showing by a preponderance of the evidence that the

petitioner was actually and substantially prejudiced by the alleged error. In re Pers. Restraint of Meippen, 193 Wn.2d 310, 315, 440 P.3d 978 (2019). This standard is met when "[b]ased on the record, it appears that more likely than not" that the trial court "would have imposed a lower sentence had [it] understood that the Eighth Amendment requires absolute discretion to impose any sentence below the standard range based on youthful diminished culpability." In re Pers. Restraint of Ali, 196 Wn.2d 220, 244-45, 474 P.3d 507 (2020).

Courts have "an affirmative duty to ensure that proper consideration is given to the juvenile's 'chronological age and its hallmark features.'" State v. Ramos, 187 Wn.2d 420, 443, 387 P.3d 650 (2017) (quoting Miller v. Alabama, 567 U.S. 460, 477, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (plurality opinion)). These features include "the juvenile's immaturity, impetuosity, and failure to appreciate risks and consequences—the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, the way familial and peer pressures may have affected him or her, how youth impacted any legal defense, and any factors suggesting that the juvenile might be successfully rehabilitated." State v. Gilbert, 193 Wn.2d 169, 176, 438 P.3d 133 (2019) (citing Houston-Sconiers, 188 Wn.2d at 23).

However, "age is not a per se mitigating factor automatically entitling every youthful defendant to an exceptional sentence." State v. O'Dell, 183 Wn.2d 680, 695, 358 P.3d 359 (2015). When sentencing juveniles in adult court, the court retains its discretion to impose a standard range sentence. State v. Gregg, 196 Wn.2d 473, 478, 474 P.3d 539 (2020). The burden of proving youth as a

mitigating factor lies with the defendant. Gregg, 196 Wn.2d at 478. "[W]hen sentencing judges determine that youth is a mitigating factor and exercise their broad discretion to fashion an appropriate sentence, such judges (1) must explain the reasons for their determination and (2) those reasons must be rationally related to evidence adduced at trial or presented at sentencing." State v. Rogers, 17 Wn. App. 2d 466, 480, 487 P.3d 177 (2021).

At Koehler's sentencing, defense counsel asked for a sentence at the low end of the standard range, arguing that Koehler's developmental deficits combined with the impacts of drug use at the time of the crime were mitigating circumstances. Koehler's counsel also argued that he was influenced by his co-defendant. Several witnesses testified that Koehler did not have a stable home environment and that his father, who he was residing with at the time of the crime, was an alcoholic who "had no supervision for him." These witnesses described Koehler as a "good kid," a "loving, young teenage boy" and "just a child." Anthony Carreon, who described Koehler as "like a younger brother," explained:

> I don't think these boys are monsters. I think they are just two teenagers that were led the wrong way and need some guidance in their life. And I think once this is all over and they come out of that, maybe they will find God, maybe they will find something that is going to put that—going to fill that hole and void in their life that is going to make them become stronger men and better people in society. . . .
> . . . [T]hey are still kids. They are not full grown men. They are still kids. They are still boys. Their mentalities are still children. They are still boys.

The State requested a mid-range sentence of 300 months.

4

The sentencing judge appears to have been unmoved by the requests for leniency. The judge made findings of deliberate cruelty and sexual motivation, and sentenced Koehler to an exceptional sentence of 380 months. He explained:

> I often hear people tell me at the time of sentencing, which is often the first day of reckoning for the individuals, that it was their age, it was drugs, it was a bad family circumstance that caused them to participate in particular types of conduct.
>
> Those factors can all be considered by the Court, and they have been taken into consideration. But, nonetheless, it does not eliminate the fact that we have a woman's life that was brutally taken away from her on one given night because of the actions of only two people, and that is the two of you. . . .
>
> . . . .
>
> . . . [T]he defendant's conduct during the commission of the current offense manifested deliberate cruelty to the victim. . . .
>
> . . . .
>
> . . . These deliberate acts took place over a period of time and distance sufficiently long to inflict extreme fear, pain and suffering on the part of the victim prior to her death.

It is thus clear that the sentencing court heard and considered the circumstances of Koehler's youth, and determined that the egregious nature of his crime outweighed those circumstances. There is nothing in our record to suggest that the sentencing judge would have imposed a lesser sentence had the judge been aware of his broad discretion to depart below the standard sentencing range including the firearm enhancement. The sentencing court certainly recognized its discretion to impose a lesser sentence than was imposed, given that both the State and Koehler requested a lower sentence. The sentencing court expressly recognized Koehler's age as a "factor" in making its sentencing determination. Nevertheless, the sentencing court chose to impose

an exceptional sentence above the standard range because of the circumstances of the offense.

Although it is theoretically possible that the sentencing court would have imposed a different sentence had it predicted the Houston-Sconiers decision, "mere possibilities do not establish a prima facie showing of actual and substantial prejudice." Meippen, 193 Wn.2d at 317. Nothing in this record indicates that this sentencing judge had any such inclination. Koehler does not show that he was actually and substantially prejudiced by the claim of error he raises. Accordingly, he does not meet the burden imposed upon him. As he does not establish an entitlement to relief, the petition is denied.

_____
Dwyer, J.

WE CONCUR:

_____     _____
Coburn, J.                        Appelwick, J.