# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of:<br><br>JONATHAN NEWMAN,<br><br>                Petitioner. | DIVISION ONE<br><br>No. 78287-8-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Jonathan Newman filed this personal restraint petition challenging the sentence imposed on him following a conviction of murder in the second degree with a firearm enhancement, a crime committed when he was 15 years old. Newman contends that recent developments in our Supreme Court's juvenile sentencing jurisprudence have rendered his sentence unconstitutional. Because Newman fails to establish actual and substantial prejudice, we deny the petition.

I

On the morning of October 19, 2007, 15-year-old Jonathan Newman and two other teenagers burglarized Craig Hoffman's home. Hoffman returned home during the commission of the burglary and chased Newman and his cohorts out of the house. As Newman ran away, he shot Hoffman several times, causing his death.

Newman was charged with and pled guilty to murder in the second degree with a firearm enhancement. The applicable standard range sentence—including a 60 month firearm enhancement—was 183 months to 280 months of confinement. As part of the plea agreement, Newman agreed not to seek an exceptional sentence below the standard range.

At the sentencing hearing in June 2008, Newman requested a low-end standard range sentence of 183 months, emphasizing his youthfulness at the time of the offense. The State requested a high-end sentence of 280 months, emphasizing Newman's involvement in numerous uncharged recent criminal acts. The sentencing court imposed a mid-range sentence of 231 months.

II

Newman contends that our Supreme Court's decision in State v. Houston-Sconiers, 188 Wn.2d 1, 391 P.3d 409 (2017), entitles him to resentencing. This is so, he avers, because the sentencing judge was not aware of her broad discretion to depart from the standard range based on his youthfulness at the time of the offense. Because Newman does not demonstrate actual and substantial prejudice, we disagree.

"Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment." In re Pers. Restraint of Coats, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). A petitioner alleging constitutional error bears the threshold burden of showing by a preponderance of the evidence that the petitioner was actually and substantially prejudiced by the alleged error. In re

2

Pers. Restraint of Meippen, 193 Wn.2d 310, 315, 440 P.3d 978 (2019).  This standard is met when "[b]ased on the record, it appears that more likely than not" that the trial court "would have imposed a lower sentence had [it] understood that the Eighth Amendment requires absolute discretion to impose any sentence below the standard range based on youthful diminished culpability."  In re Pers. Restraint of Ali, 196 Wn.2d 220, 245, 474 P.3d 507 (2020).[1]

Courts have "an affirmative duty to ensure that proper consideration is given to the juvenile's 'chronological age and its hallmark features.'"  State v. Ramos, 187 Wn.2d 420, 443, 387 P.3d 650 (2017) (quoting Miller v. Alabama, 567 U.S. 460, 477, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (plurality opinion)).  These features include "the juvenile's immaturity, impetuosity, and failure to appreciate risks and consequences—the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, the way familial and peer pressures may have affected him or her, how youth impacted any legal defense, and any factors suggesting that the juvenile might be successfully rehabilitated."  State v. Gilbert, 193 Wn.2d 169, 176, 438 P.3d 133 (2019) (citing Houston-Sconiers, 188 Wn.2d at 23).

However, "age is not a per se mitigating factor automatically entitling every youthful defendant to an exceptional sentence."  State v. O'Dell, 183 Wn.2d 680, 695, 358 P.3d 359 (2015).  When sentencing juveniles in adult court, the court retains its discretion to impose a standard range sentence.  State v. Gregg, 196

---

[1] The Washington Constitution imposes the same requirement.  State v. Rogers, 17 Wn. App. 2d 466, 473 n.4, 487 P.3d 177 (2021) (citing In re Pers. Restraint of Monschke, 197 Wn.2d 305, 311, 482 P.3d 276 (2021)).

Wn.2d 473, 478, 474 P.3d 539 (2020). The burden of proving youth as a mitigating factor lies with the defendant. Gregg, 196 Wn.2d at 478. "[W]hen sentencing judges determine that youth is a mitigating factor and exercise their broad discretion to fashion an appropriate sentence, such judges (1) must explain the reasons for their determination and (2) those reasons must be rationally related to evidence adduced at trial or presented at sentencing." State v. Rogers, 17 Wn. App. 2d 466, 480, 487 P.3d 177 (2021).

At Newman's sentencing, defense counsel asked for a sentence at the bottom of the standard range, 183 months, arguing that Newman's youthfulness and challenging life circumstances warranted a low-end sentence:[2]

> Johnny is still a child. Despite the horrible mistake that he made, he is at this stage in his life simply not the same person that he will be years from now.
> The prosecutor has suggested that research and judicial opinions pertaining to adolescents and the reduced ability to comprehend long term consequences only applies in capital cases. There's just simply no basis for that. What the courts have recognized and what social research and common sense tell us is that teenagers, even at the stage of 15 or 16, simply don't have the long term thought process that they develop through adulthood.
> . . . .
> What we're asking for is that taking into account his age, we give him an opportunity to turn his life around. We are asking for a low end sentence which will have him spend in prison the amount of time equal to his entire life to this point. By the time he's released he will have spent half of his life in prison.
> Based on what we know about adolescent neurological development and what you have seen of Johnny and his remorse

---

[2] Atypically at this time, Newman's counsel prepared a sentencing memorandum arguing that empirical research demonstrates that juveniles have diminished decision-making capacity and are less culpable than adults. In support of this, counsel cited Roper v. Simmons, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d. 1 (2005), and explained the Supreme Court's determination that juveniles lack the maturity of adults, are more vulnerable to outside pressures, and have a greater capacity for reformation than adults. The memorandum also detailed Newman's personal traumatic experiences leading up to his criminal acts, including bullying at school, witnessing domestic violence, the death of a grandparent, and a recent suicide attempt by Newman's mother.

and his family's support, that is an adequate period of time for him to come out a different person than he went in. . . .

. . . .

He had no control over his environment, he was surrounded by extremely upsetting stimulus and didn't know what to do with it. . . .

. . . He's a very young boy who tragically lost his way.

The trial judge then considered Newman's youth and sentenced Newman to a sentence in the middle of the standard range, explaining that,

although this is an adult charge, I do, in fact, recognize that we have a whole concept of juvenile courts because there is a recognition that juveniles—even though you are in adult court being sentenced as an adult, you are still less than 18 years old. And we have juvenile courts because of the legislative and society-wide recognition in my view that young people have not yet acquired the judgment, the wisdom, the intellectual capacity and perhaps even a full sense of morality that adults have acquired. And so I do take your age into account in analyzing what would be an appropriate sentence . . . .

. . . .

In this case I believe the middle of the standard range is appropriate and I will impose 231 months.

Newman asserts that he would have received a lesser sentence after the Houston-Sconiers decision was filed because the sentencing judge explained that she "starts in the middle of the standard range." According to Newman, after Houston-Sconiers, the bottom of his standard range sentence was 0 months, "making 140 months the middle point." This argument is unconvincing.

When a defendant establishes that youth is a mitigating factor, the provisions of the SRA[3] do not apply and there simply is no "standard range." Rogers, 17 Wn. App. 2d at 476. Alternatively, when a defendant does not establish youth as a mitigating factor, the standard range provided by the SRA

---

[3] Sentencing Reform Act of 1981, ch. 9.94A RCW.

remains the standard range. <u>Rogers</u>, 17 Wn. App. 2d at 476. In neither scenario is a new standard range created by virtue of a defendant's youth. Accordingly, the sentencing judge's statement that she "starts in the middle of the standard range" does not indicate that Newman would have received a lesser sentence after <u>Houston-Sconiers</u>.

There is nothing in our record to suggest that the sentencing judge would have imposed a lesser sentence had the judge been aware of her broad discretion to depart from the standard sentencing range including the firearm enhancement. The sentencing court recognized its discretion to impose a lesser sentence than was imposed, considered Newman's youth in making its sentencing determination, and nevertheless chose to impose a sentence of 231 months. Although it is theoretically possible that the sentencing court would have departed from the SRA had it predicted the <u>Houston-Sconiers</u> decision, "mere possibilities do not establish a prima facie showing of actual and substantial prejudice." <u>Meippen</u>, 193 Wn.2d at 317. Nothing in this record even hints that this sentencing judge was so inclined. Newman does not show that he was actually and substantially prejudiced by the claim of error he raises. Accordingly, he does not meet the burden imposed upon him. As he does not establish an entitlement to relief, the petition is denied.

_Dwyer, J._

6

WE CONCUR:

_Cohen, J._      _Appelwick, J._