# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of: <br><br> TONY LAMAR TYSON JR., <br><br> Petitioner. | DIVISION ONE <br><br> No. 78007-7-I <br><br> UNPUBLISHED OPINION |

DWYER, J. — Tony Lamar Tyson Jr., in a personal restraint petition, challenges the judgment and sentence imposed upon his 2007 conviction by plea of guilty to murder in the second degree with a firearm. Tyson asserts that our Supreme Court's decision in State v. Houston-Sconiers, 188 Wn.2d 1, 391 P.3d 409 (2017), exempts his petition from the one-year time-bar prohibiting collateral attack of a judgment and sentence. Tyson further contends that he was actually and substantially prejudiced by the error in sentencing and that there are no other adequate remedies available under the circumstances. Because Tyson has not demonstrated that the sentence imposed was disproportionate in light of his diminished culpability as a juvenile when he committed the crime of conviction, we deny relief and dismiss his personal restraint petition.

I

On May 30, 2006, in seeking to rob Michael Phillips, Tyson shot Phillips multiple times with a firearm, killing him. Tyson was 16 years old at the time.

The State, by amended information, charged Tyson with one count of murder in the second degree, with a firearm enhancement. The charge was filed in superior court, not in juvenile court. In November 2006, Tyson pleaded guilty to the charge.

The resulting adult standard range sentence for the count of murder in the second degree was 123 to 220 months. The firearm enhancement carried a 60-month mandatory addition to the standard range sentence, resulting in a total range of confinement of 183 to 280 months.

In February 2007, at sentencing, the court noted that it had received and reviewed a number of letters, the State's briefing, as well as Tyson's presentence report and a psychological evaluation. The sentencing court heard testimony from six witnesses impacted by the victim's death and from Tyson's mother.

The State recommended 280 months of total confinement, combining the high-end of the standard range with the firearm enhancement. Defense counsel recommended an exceptional sentence downward and, in the alternative, a low-end standard range sentence.

The sentencing court found that there were not "substantial and compelling reasons that would justify an exceptional sentence in this particular case" and imposed a sentence of 280 months of total confinement, determining that "the sentence at the high end of the standard range is the appropriate sentence."

Tyson appealed the sentencing court's ruling to this court and, after his appeal was denied, our mandate issued in October 2008.

More than nine years later, in November 2017, Tyson filed a motion seeking relief from the judgment and sentence, relying on the decision in Houston-Sconiers, 188 Wn.2d 1. This matter was transferred from the superior court to this court for consideration as a personal restraint petition pursuant to CrR 7.8(c)(2). We stayed consideration of the petition pending resolution in this court and in our Supreme Court of several matters addressing juvenile and young adult sentencing. See In re Pers. Restraint of Meippen, 193 Wn.2d 310, 440 P.3d 978 (2019); In re Pers. Restraint of Ali, 196 Wn.2d 220, 474 P.3d 507 (2020); In re Pers. Restraint of Domingo-Cornelio, 196 Wn.2d 255, 474 P.3d 524 (2020); In re Pers. Restraint of Forcha-Williams, 200 Wn.2d 581, 520 P.3d 939 (2022); In re Pers. Restraint of Hinton, 1 Wn.3d 317, 525 P.3d 156 (2023); In re Pers. Restraint of Carrasco, 1 Wn.3d 224, 525 P.3d 196 (2023); In re Pers. Restraint of Durham, No. 79139-7-I (Wash. Ct. App. Nov. 15, 2021) (unpublished), http://www.courts.wa.gov/opinions/pdf/791397.pdf.

In lifting the stay in May 2023, we requested that the parties file supplemental briefing addressing the impact of Forcha-Williams, Hinton, and Carrasco on Tyson's petition.

Tyson's personal restraint petition is now before us seeking a determination on its merits.

II

Tyson asserts that his high-end standard range sentence constitutes cruel and unusual punishment under the Eighth Amendment and that his claim is not time-barred because, he asserts, it implicates Houston-Sconiers, a decision

constituting a significant, material, and retroactively applicable change in the law. However, in order for Tyson's claim to not be time-barred, Tyson must demonstrate that the sentence imposed upon him was grossly disproportionate to his diminished culpability at the time that he committed the crime of conviction as a juvenile. Tyson does not do this. Instead, he asserts various purported violations of Houston-Sconiers's procedural mandate. But the law pertaining to these claimed violations does not apply retroactively and, therefore, does not constitute a basis upon which he may overcome the one-year time-bar. Because of this, Tyson's petition remains time-barred.

In general, personal restraint petitions must be filled within one year after the judgment and sentence becomes final. RCW 10.73.090. A petitioner bears the burden of showing that the petition was timely filed. In re Pers. Restraint of Quinn, 154 Wn. App. 816, 833, 226 P.3d 208 (2010).

Here, Tyson's judgment and sentence became final in 2008 when we issued our mandate following his direct appeal. Tyson filed the motion underlying this petition in 2017, more than nine years later, long after expiration of the one-year time limit. Therefore, any collateral attack on Tyson's judgment and sentence remains time-barred unless he can show that his judgment and sentence is facially invalid, was not entered by a court of competent jurisdiction, or that an exception under RCW 10.73.100 applies.

RCW 10.73.100 provides, as an exception, that the one-year time bar can be overcome where a petitioner identifies a significant change in the law that is material to the petitioner's conviction or sentence and that applies retroactively to

the conviction or sentence. RCW 10.73.100(6); State v. Miller, 185 Wn.2d 111, 114, 371 P.3d 528 (2016).

Here, Tyson asserts that his petition overcomes the one-year time-bar because our Supreme Court's decision in Houston-Sconiers constituted a significant change in the law that is material to, and applies retroactively to, his sentence. However, because Tyson does not establish that Houston-Sconiers applies retroactively so as to invalidate his sentence, we disagree.

Our Supreme Court has recognized that its decision in Houston-Sconiers constituted a significant change in the law because it announced a "substantive rule that courts may not impose 'certain adult sentences . . . on juveniles who possess such diminished culpability that the adult standard [Sentencing Reform Act of 1981[1] (SRA)] ranges and enhancements would be disproportionate punishment.'" Hinton, 1 Wn.3d at 331 (first alteration in original) (quoting Ali, 196 Wn.2d at 239). The court instructed that this new substantive rule applied retroactively on collateral review. Hinton, 1 Wn.3d at 329-31 (citing Ali, 196 Wn.2d at 238-40).

The Supreme Court also explained that, in Houston-Sconiers, it established a new procedural rule mandating that "'sentencing courts must consider the mitigating qualities of youth and have discretion to impose sentences below what the SRA mandates.'" Hinton, 1 Wn.3d at 329 (quoting Ali, 196 Wn.2d at 237).[2] This procedural rule, however, does not apply retroactively

---

[1] Ch. 9.94A RCW.
[2] This procedural rule is "'a mechanism necessary to effectuate that substantive rule.'" Hinton, 1 Wn.3d at 329 (quoting Ali, 196 Wn.2d at 237).

on collateral review. See Hinton, 1 Wn.3d at 329-31 (citing Edwards v. Vannoy, 593 U.S. ___, 141 S. Ct. 1547, 1560, 209 L. Ed. 2d 651 (2021)).[3]

Therefore, to avoid the one-year time-bar pursuant to Houston-Sconiers, a petitioner must assert a violation of Houston-Sconiers's substantive rule—that the petitioner possessed such diminished culpability at the time of the criminal act of conviction that the standard SRA range or sentencing enhancement (or both) imposed at sentencing constituted disproportionate punishment. Hinton, 1 Wn.3d at 331. When the petitioner asserts only a procedural rule violation—that the sentencing court failed to consider the mitigating qualities of youth or did not recognize its discretion to impose a shorter sentence—the petition remains time-barred. See, e.g., Hinton, 1 Wn.3d at 323 (a petitioner basing "much of [their] argument on [the] sentencing court's failure to adhere to Houston-Sconiers's procedural rule . . . provides no basis for relief because procedural rules do not apply retroactively").

Here, contrary to our invitation provided in our order lifting the stay in this matter, Tyson's supplemental briefing does not set forth substantial argument or analysis addressing the impact of Forcha-Williams, Hinton, and Carrasco on his petition.[4] Indeed, his supplemental briefing does not explicitly set forth an assertion that he possessed such diminished culpability, at the time he

---

[3] We incorporate our analysis of this issue as set forth in a published opinion filed today, In re PRP of Rodriguez, 83134-8-I, (Wash. Ct. App. Dec. 11, 2023), http://www.courts.wa.gov/opinions/pdf/831348.pdf.

[4] In regard to the analysis in Tyson's supplemental briefing of Forcha-Williams, Hinton, and Carrasco, Tyson asserted that Hinton and Carrasco were inapplicable only to whether he had an adequate remedy of parole eligibility, and Tyson asserted that Forcha-Williams only applied to whether he has demonstrated prejudice. We do not address either assertion because, as discussed herein, Tyson has not demonstrated that his petition is timely.

committed the murder underlying his conviction, that the 280-month standard SRA range sentence and enhancement imposed in that sentence constituted constitutionally disproportionate punishment.

Rather, Tyson relies on our Supreme Court's earlier decisions in Ali and Domingo-Cornelio to assert that his petition is not time-barred on the basis that the sentencing court failed to meaningfully consider the mitigating factors of youth and failed to appreciate its complete discretion to impose a shorter sentence.[5]  However, as our Supreme Court instructed, this assertion "misapprehends our decisions in Ali and Domingo-Cornelio.  Those cases recognize that Houston-Sconiers's substantive rule—and only its substantive rule—applies retroactively on collateral review."  Hinton, 1 Wn.3d at 323.

Nevertheless, as did petitioner Hinton in his case, Tyson "focuses much of his argument on his sentencing court's failure to adhere to Houston-Sconiers's procedural rule, which provides no basis for relief because procedural rules do not apply retroactively" on collateral review.  Hinton, 1 Wn.3d at 323.[6]  Indeed, Tyson asserts that the sentencing court did not properly consider mitigating factors of youth, including evidence of the environment that he was raised in, his cognitive abilities, his positive prospects for rehabilitation, and his general

---

[5] Tyson asserts that the primary issue in his petition is whether he has established the requisite prejudice.  However, Tyson must first establish that his petition is timely before we consider an assertion that he was prejudiced.

[6] Tyson relies on State v. Backstrom, for the proposition that the sentencing court erred by failing to comply with Houston-Sconiers's procedural mandate.  15 Wn. App. 2d 103, 106, 476 P.3d 201 (2020) (citing Ali, 196 Wn.2d at 231-33).  However, Backstrom involved a direct review of a newly imposed sentence and, consequently, properly requested appellate analysis of whether the sentencing court adequately considered the mitigating factors of youth in imposing sentence.  15 Wn. App. 2d at 104-05.  As applicable to this matter, whether the sentencing court herein adequately considered the mitigating factors of youth does not provide a basis for relief from the one-year collateral attack time-bar.  Thus, Tyson's reliance on Backstrom is unavailing.

immaturity. Thus, Tyson alleges only that the sentencing court failed to comply with the procedural mandate of Houston-Sconiers.

A violation of that procedural mandate, however, "does not lead to the conclusion that [Tyson] is serving an unconstitutional sentence under the Eighth Amendment." Carrasco, 1 Wn.3d at 237. Because Tyson seeks resentencing only on the basis that the sentencing court did not comply with Houston-Sconiers's procedural rule, his petition does not meet the time-bar exception set forth in RCW 10.73.100(6). Therefore, his petition remains time-barred pursuant to RCW 10.73.090.[7]

Accordingly, we deny relief and dismiss Tyson's personal restraint petition.

Dwyer, J.

WE CONCUR:

Coburn, J.        Hazelrigg, A.C.J.

---

[7] Tyson dedicates a significant portion of his briefing to asserting that he was prejudiced by the sentence imposed upon him. However, to sustain his collateral attack, and before we could consider any allegation of prejudice, Tyson first needs to establish that his petition was timely. To establish that his petition was timely under Houston-Sconiers, Tyson needs to demonstrate that his sentence was grossly disproportionate to his diminished culpability at the time of his criminal act of conviction. Hinton, 1 Wn.3d at 331. As discussed, Tyson does not do so here.