IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of SABASTIANO VAIESE, <br><br> Petitioner. | No. 79744-1-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

COBURN, J. — Sabastiano Vaiese seeks relief from personal restraint following his 2008 plea of guilty to murder in the second degree with a firearm enhancement committed when he was 17 years old. The sentencing court imposed a midrange standard sentence of 172 months plus a 60-month firearm enhancement. Vaiese contends that recent developments in our Supreme Court's juvenile sentencing jurisprudence have rendered his sentence unconstitutional. Because we conclude that Vaiese has not met his burden to establish actual and substantial prejudice, we deny the petition.

FACTS

On December 10, 2006, Daravout Bophar and some friends left a house party near the University of Washington. As they walked down the street, Vaiese hassled one of Bophar's friends. When Bophar asked what was going on, Vaiese pulled out a handgun and pointed it at Bophar. Bophar raised his hands in surrender and said, "we don't want any trouble." As Bophar turned to walk away, Vaiese shot him in the back of the head. Vaiese was 17 years old when he committed the crime.

Citations and pin cites are based on the Westlaw online version of the cited material.

The State charged Vaiese with attempted murder in the first degree with a firearm enhancement while Bophar was on life support. Bophar died about a month later. After nearly two years of investigation and negotiations, the parties agreed that Vaiese would plead guilty to murder in the second degree with a firearm enhancement. Under adult sentencing rules, Vaiese faced a standard range sentence of 123 to 220 months of confinement plus a mandatory consecutive 60-month firearm enhancement, for a total of 183 to 280 months confinement. As part of the plea agreement, Vaiese agreed not to seek an exceptional sentence below the standard range.

The court held a sentencing hearing on January 9, 2009. Vaiese requested a low-end standard range sentence totaling 183 months (123 months plus the 60-month firearm enhancement). Vaiese presented the court with a psychological evaluation and presentencing memorandum in which he argued that multiple mitigating factors, including his traumatic upbringing, problems with drugs and alcohol, and young age at the time of the offense, justified a sentence at the low end of the standard range. Regarding youth as a mitigating factor, the presentencing memorandum pointed to studies showing that "psychosocial capability continues to develop well into adulthood" and that, in high-pressure situations, adolescents' impulsivity and susceptibility to peer influence can quickly undermine their decision making capacity. The presentencing memorandum also relied on the United States Supreme Court's opinion in Roper v. Simmons, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005), which struck down the death penalty for juvenile defendants based on recent research corroborating the view that they are categorically less culpable for their crimes than adults. Vaiese emphasized that the killing was unplanned and characterized it as "a good example of

2

an adolescent male with testosterone fueled by alcohol and drugs, easy access to guns, and unfortunately, but not uncommonly an easily bruised fragile male ego, which somehow demands to be respected and which results unfortunately in violence here."

The State asked the court to impose a "high-middle" standard range sentence of 240 months (180 months plus the 60-month firearm enhancement). The State argued that the egregious act of slaying an unarmed man who was walking away and saying that he did not want any trouble demonstrated greater culpability despite Vaiese's age and background. The State pointed out that "this is not a 13-year old or a 14-year old who committed the offense" and asserted that Vaiese is "more mature than this Court sees." The State also argued that a sentence totaling 240 months was equitable, given that Vaiese was "originally charged as a first degree murder with the firearm and in the negotiations, part of the State's calculation was that the 240 months actually would be a low end first degree murder without any sort of enhancement."

The sentencing court reviewed the State's presentencing memorandum, written statements from members of Bophar's family, the defense presentencing memorandum, Vaiese's written statement, a psychological evaluation, and a summary of the investigation. The court found Vaiese's youthful immaturity and difficult background to be mitigating, weighed that against the egregious nature of the crime, and decided to impose a mid-range standard sentence totaling 232 months of confinement (172 months plus the 60-month firearm enhancement). In so ruling, the court stated,

> Well, I find these sentences incredibly difficult. But of course, it is not as difficult as what the family of the victim and the victim himself have had to experience.
>
> I do find that there are some mitigating factors in this case. Mr. Vaiese had an extremely challenging upbringing with, frankly, no real guidance on

3

how to be a human being and survive in our world, which can be challenging and violent, even in the best of circumstances.

I also think that, when you[] are 17 years old, you make decisions that you wouldn't possibly think of making if you are 27 or 37. Having said that, the egregious nature of the crime is such that the Court finds that to really be aggravating within the standard range.

I want to be clear, we are only operating within the standard range here, particularly the point that the victim, Mr. Bophar, turned and walked away and was shot in the back of the head. That is an unbelievable fact.

Weighing all of those together, my decision is the appropriate sentence would be to go to the middle of the range.

My calculations would be that that would be 172 months, plus the 60 months weapon enhancement for a total of 232 months in prison, with credit for time served.
. . .

Mr. Vaiese, you will serve 18 or 19 years in prison for this. That is a long time. I think that a challenge for you while you are in prison is to figure out a productive way for you to go forward in your life. It is going to be hard. I hope that you can see fit -- because when you will be out, you will have the rest of your life to live at that point. We will expect you to live it as a productive member of society.

Vaiese did not directly appeal his conviction, and his judgment and sentence became final in January 2009. More than 10 years later, in March 2019, Vaiese filed this petition asserting that resentencing is required pursuant to State v. Houston-Sconiers, 188 Wn.2d 1, 391 P.3d 409 (2017). In Houston-Sconiers, our Supreme Court held that the Eighth Amendment to the United States Constitution requires that adult courts sentencing juvenile defendants "must consider mitigating qualities of youth at sentencing" and "must have discretion to impose any sentence below the otherwise applicable [Sentencing Reform Act] range and/or sentence enhancements." 188 Wn.2d at 21.

RCW 10.73.090 provides that a collateral attack, such as a personal restraint petition (PRP), may not be filed more than one year after the judgment becomes final. Vaiese was sentenced as an adult for a crime he committed as a juvenile. Because Houston-Sconiers represents a significant change in the law that is material to Vaiese's sentence and must be applied retroactively, his PRP is exempt from the one-year time bar.[1] See RCW 10.73.100(6) (one-year time bar inapplicable to petition grounded solely in a significant change in the law, material to the conviction or sentence, that applies retroactively); In re Pers. Restraint of Ali, 196 Wn.2d 220, 233, 474 P.3d 507 (2020) cert. denied, 141 S. Ct. 1754 (2021) (holding, where petitioner was given adult standard range sentence for crimes he committed as a child, that Houston-Sconiers constitutes a significant, material, retroactively applicable change in the law for purposes of RCW 10.73.100(6)); In re Pers. Restraint of Domingo-Cornelio, 196 Wn.2d 255, 474 P.3d 524 (2020), cert. denied, 141 S. Ct. 1753 (2021).

## DISCUSSION

Vaiese contends that resentencing is required because Houston-Sconiers rendered his sentence unconstitutional. "Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this

---

[1] The State argues that, regardless of retroactivity, Houston-Sconiers is not material to Vaiese because the Eighth Amendment is not implicated by his 19-year sentence. The State thus contends that Vaiese has failed to establish an exception in RCW 10.73.100(6). But our Supreme Court has held that Houston-Sconiers is material to any adult standard range sentence committed when the defendant was a child. Ali, 196 Wn.2d at 235-36; Domingo-Cornelio, 196 Wn.2d at 263-65. Like the Eighth Amendment's bar against cruel and unusual punishment, article I, section 14 of the Washington State Constitution protects against cruel punishment. In re Pers. Restraint of Monschke, 197 Wn.2d 305, 311, 482 P.3d 276 (2021). In the context of juvenile sentencing, article I, section 14 provides greater protection than the Eighth Amendment. Id. at 311.

court will disturb an otherwise settled judgment." In re Pers. Restraint of Coats, 173 Wn. 2d 123, 132–33, 267 P.3d 324 (2011). A petitioner alleging constitutional error bears the threshold burden of showing by a preponderance of the evidence that they were actually and substantially prejudiced by the alleged error. In re Pers. Restraint of Meippen, 193 Wn.2d 310, 315, 440 P.3d 978 (2019). This standard is met "when a sentencing court fails to consider mitigating factors relating to the youthfulness of a juvenile tried as an adult and/or does not appreciate its discretion to impose any exceptional sentence in light of that consideration." Domingo-Cornelio, 196 Wn.2d at 267-68. "Unless the court meaningfully considers youth and knows it has absolute discretion to impose a lower sentence, [the appellate court] cannot be certain that an adult standard range was imposed appropriately on a juvenile under Houston-Sconiers." Domingo-Cornelio, 196 Wn.2d at 268.

Youthfulness

Vaiese argues that the sentencing court did not meaningfully consider the mitigating qualities of his youth. He contends that the sentencing court's statement regarding the mitigating circumstances of his youth was too brief and cursory to satisfy the "meaningful consideration" standard that Houston-Sconiers now requires. We disagree.

Courts have "an affirmative duty to ensure that proper consideration is given to the juvenile's 'chronological age and its hallmark features.' " State v. Ramos, 187 Wn.2d 420, 443, 387 P.3d 650 (2017) (quoting Miller v. Alabama, 567 U.S. 460, 477, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (plurality opinion)). These features include "the juvenile's immaturity, impetuosity, and failure to appreciate risks and

consequences—the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, the way familial and peer pressures may have affected him or her, how youth impacted any legal defense, and any factors suggesting that the juvenile might be successfully rehabilitated." State v. Gilbert, 193 Wn.2d 169, 176, 438 P.3d 133 (2019) (citing Houston-Sconiers, 188 Wn.2d at 23). However, "age is not a per se mitigating factor automatically entitling every youthful defendant to an exceptional sentence." State v. O'Dell, 183 Wn.2d 680, 695, 358 P.3d 359 (2015). "[W]hen sentencing judges determine that youth is a mitigating factor and exercise their broad discretion to fashion an appropriate sentence, such judges (1) must explain the reasons for their determination, and (2) those reasons must be rationally related to evidence adduced at trial or presented at sentencing." State v. Rogers, 17 Wn. App. 2d 466, 480, 487 P.3d 177 (2021).

In Domingo-Cornelio, defense counsel mentioned that Domingo-Cornelio was under the age of 18 when he committed the crimes but did not argue any mitigating factors relating to youthfulness or request an exceptional downward sentence. 196 Wn.2d at 260. The court imposed a low-end standard range sentence but made no mention of Domingo-Cornelio's youth in its ruling. Id. at 261. Stating that "silence does not constitute reasoning," our Supreme Court concluded that Domingo-Cornelio was actually and substantially prejudiced as there was no evidence to suggest the sentencing judge considered the mitigating qualities of youth. Id. at 268.

The instant case is in stark contrast to Domingo-Cornelio in both what was argued and presented at sentencing as well as the court's consideration. Vaiese did argue mitigating factors to support his request of a low-end standard range sentence.

7

Such factors included his immaturity, impulsiveness, and difficult upbringing. Vaiese also presented factors suggesting that he could be rehabilitated, such as he is a member of a close extended family and that he helped his mother raise his two younger siblings. After considering Vaiese's materials, the sentencing court expressly found mitigating factors related to Vaiese's youth and weighed them against the nature of the crime:

> I do find that there are some mitigating factors in this case. Mr. Vaiese had an extremely challenging upbringing with, frankly, no real guidance on how to be a human being and survive in our world, which can be challenging and violent, even in the best of circumstances. I also think that, when you[] are 17 years old, you make decisions that you wouldn't possibly think of making if you are 27 or 37. Having said that, the egregious nature of the crime is such that the Court finds that to really be aggravating within the standard range.
>
> I want to be clear, we are only operating within the standard range here, particularly the point that the victim, Mr. Bophar, turned and walked away and was shot in the back of the head. That is an unbelievable fact.
>
> Weighing all of those together, my decision is the appropriate sentence would be to go to the middle of the range.

The court rejected the sentencing recommendations from both Vaiese and the State in favor of a sentence in the middle of the range. In so doing, the court properly explained the reason for its determination and those reasons were rationally related to evidence presented at sentencing. Vaiese has not demonstrated actual and substantial prejudice on this basis.

Sentencing Discretion

Vaiese also contends that resentencing is required because the court was unaware that it had discretion to depart from the standard sentencing range or to decline to impose a 60-month consecutive firearm enhancement. Again, we disagree.

8

Vaiese argues that his case is analogous to Ali and requires the same result. In Ali, our Supreme Court found actual and substantial prejudice where defense counsel requested an exceptional sentence based on significant evidence of the mitigating circumstances of the petitioner's youth, and the sentencing court imposed a low-end standard range sentence on the express basis that it lacked discretion to impose anything lower. 196 Wn.2d at 243-45. In particular, Vaiese points out that the sentencing court was unaware that it had complete discretion to disregard the otherwise mandatory 60-month firearm enhancement. However, unlike the petitioner in Ali, the sentencing court in Vaiese's case gave no indication that it would have imposed a lower sentence if it had the discretion to do so. To the contrary, in imposing a total sentence that fell in the middle of the range, the sentencing court stated that it found the egregious nature of Vaiese's crime "to really be aggravating within the standard range."

Vaiese's case is more similar to that of Meippen. In Meippen, defense counsel argued that the defendant's youthful age and immaturity warranted a low-end standard range sentence. 193 Wn.2d at 313. Stating that the defendant's behavior was "cold, calculated, and showed complete indifference towards another human being," the court rejected defense counsel's recommendation and imposed a top-end standard range sentence. Id. at 313. Our Supreme Court concluded that the defendant did not establish prejudice because he failed to show "by a preponderance of the evidence that his sentence would have been shorter if the trial court had absolute discretion to depart from the SRA at the time of sentencing." Id. at 312. Like Meippen, Vaiese argued that his age and immaturity warranted a low-end standard range sentence. And, like Meippen, the court knew it had the discretion to impose a lesser sentence on Vaiese

9

based on youth but nevertheless decided to impose a higher sentence based on the defendant's egregious behavior.

Vaiese argues that Meippen is factually distinguishable because, unlike Meippen, the court imposed a sentence less than what the State requested, thus demonstrating that it might have gone lower if it had the benefit of Houston-Sconiers. Vaiese also asserts that his total sentence might have been lower if the court believed it had discretion to avoid imposing a 60-month consecutive firearm enhancement. But Vaiese's speculative assertions are not supported by a preponderance of the evidence. As we recently explained in Forcha-Williams,

> Certainly, when a court imposes the low end of the standard range after the State recommended the high end, and the court did not comply with Houston-Sconiers, it suggests that more likely than not the defendant "would have received a lesser sentence had the court complied with the dual mandates of Houston-Sconiers." And when a court imposes the lowest possible sentence within the standard range and expressly states that the law does not allow the court to depart from mandatory enhancements, it also suggests that the defendant likely would have received a lesser sentence.

No. 79041-2-I, slip op. at 11 (Wash. Ct. App. July 6, 2021),

http://www.courts.wa.gov/opinions/pdf/790412.pdf.

If the sentencing court wanted to reduce the impact of the mandatory firearm enhancement on Vaiese's sentence, it could have chosen to impose the low-end standard range sentence that Vaiese requested. Instead, the court expressly weighed the mitigating factors against the egregiousness of the crime and decided that a sentence totaling 232 months of confinement was appropriate. The court did not state or imply that it wished it had discretion to impose a lesser sentence. Nothing in the record suggests that the court would have imposed a lower sentence if believed it had

10

the discretion to do so. The court provided "sufficient reasoning to allow for meaningful appellate review as to whether any reasonable judge could make the same decision based on the evidence and information before the sentencing judge." State v. Rogers, 17 Wn. App. 2d 466, 481, 487 P.3d 177 (2021).

## CONCLUSION

Vaiese has not met his burden of showing by a preponderance of the evidence that he was actually and substantially prejudiced by an alleged error. The court considered the mitigating factors of youthfulness and appreciated its ability to impose a sentence lower than what was imposed in light of that consideration. Vaiese has not shown that resentencing would more likely than not yield a different result. We therefore deny the petition.

_Coburn, J._

WE CONCUR: