IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 36888-2-III |
| ABRAHAM LOPEZ TORRES, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) ) | |

LAWRENCE-BERREY, J. — Abraham Lopez Torres was convicted of second degree murder, drive-by shooting, and unlawful possession of a firearm. He committed these crimes when he was 15 years old. The trial court sentenced him to a middle standard range sentence of 240 months.

In this personal restraint petition, Mr. Lopez Torres seeks resentencing based on his assertion that the trial court committed constitutional error by not understanding it could sentence him below the standard range. The trial court's thorough comments during sentencing show it understood that teenagers are different and, despite this, imposed a middle standard range sentence. Because Mr. Lopez Torres fails to show he was actually and substantially prejudiced by trial court error, we dismiss his petition.

FACTS

In 2011, 15-year-old Abraham Lopez Torres killed another person in a drive-by shooting. He was tried together with his brother, Benjamin Lopez, Jr., who assisted him

in the killing. A jury convicted both men. It convicted Mr. Lopez Torres of second

degree murder, drive-by shooting, and unlawful possession of a firearm.

*Sentencing*

Sentencing occurred in January 2013. The State requested the maximum sentence,

arguing the shooting happened "on the main street in town during rush hour" and risked

hurting families and members of the community. Mot. for Relief from J., App. B

(Sentencing RP) at 32. It argued that the defendants showed no remorse for their crime

and rehabilitation was "out the window," so a maximum sentence was "the only way to

ensure maximum safety for the community." *Id.* at 34.

Mr. Lopez Torres argued that due to brain development, a 15-year-old lacks

"impulse control, thinking of consequences, thinking of anything beyond the moment."

*Id.* at 36. He noted that juvenile court had declined jurisdiction over Mr. Lopez Torres

because the court considered the maximum penalty of seven years too lenient.[1] He also

noted that the victim had earlier threatened Mr. Lopez Torres, arguing that contributed to

or even created Mr. Lopez Torres's impulse to act violently. He requested that based on

the sentence of another defendant who pleaded guilty and Mr. Lopez Torres's "youth and

inexperience," a sentence at the bottom of the range was appropriate. *Id.* at 40.

---

[1] The sentencing judge had presided over the declination hearing.

The court extensively discussed what it considered "an abundance of tragedy" in the case. *Id.* at 51. It noted that there was gang involvement on both the defendants' and the victim's sides. The court also noted that Mr. Lopez Torres's parents had been "stalwart supporters of their sons" during the proceeding, which "helped me understand and get over the idea that kids get involved in gangs because their parents are negligent. These are not, in my view, negligent parents. These are folks who were terrifically focused on their children . . . ." *Id.*

The court discussed the science of brain development, explaining that "what science is telling us is that the portions of the brain which are responsible for judgment, making good decisions, are the parts that continue to develop into the early 20s." *Id.* at 53. The court connected this impaired decision-making with gang activity, opining that the defendants it saw in gang-related violence almost invariably were in their teens or 20s "[b]ecause they're incapable physically of making appropriate judgments." *Id.* at 54.

The court noted there was "tragedy and loss on every side" and it fell to the court to determine the "appropriate punishment within a range." *Id.* at 55. It expressed a degree of gratitude "to the legislature for creating a range for this particular crime that's broad enough that the court can respond to some of these impulses on each side." *Id.* Considering a standard range sentence of 194 to 294 months' imprisonment, the court

3

sentenced Mr. Lopez Torres to 240 months' imprisonment with 36 months' community

custody, finding "that a mid-range sentence is most appropriate here." *Id.* at 56. The

court concluded by saying:

> There is for me no joy in the process of sentencing these two young men, whether that would be a low-end, a mid-end—middle—or high-end sentence. It is just more, in my view, loss and waste of the time of human beings. It is, in my view, also an appropriate response to this crime and to the loss that they have inflicted.

*Id.*

### *CrR 7.8 Motion*

On March 2, 2017, the Washington Supreme Court decided *State v. Houston-*

*Sconiers*, 188 Wn.2d 1, 20-22, 391 P.3d 409 (2017), holding that a sentencing court has

absolute discretion to impose a sentence below the guidelines range based on the

mitigating circumstances of a defendant's youth. Mr. Lopez Torres filed a motion for

relief from judgment under CrR 7.8 on June 26, 2017, requesting a new sentencing

hearing. He argued that *Houston-Sconiers* was a significant change in the law material to

Mr. Lopez Torres's case that warranted retroactive application.

After several stays and continuances, the superior court determined the motion was

time barred and Mr. Lopez Torres had not made a substantial showing he was entitled to

relief. The superior court relied on *In re Personal Restraint of Meippen*, 193 Wn.2d 310,

4

315, 440 P.3d 978 (2019), which held that the petitioner failed to show actual and substantial prejudice because he failed to show by a preponderance of the evidence that his sentence would have been shorter if the sentencing court knew it had absolute discretion. The superior court found that "on its face . . . it looks like this is *Meippen* all over again." Resp't's Suppl. Resp., Attach. A at 11. It noted that as in *Meippen*, Mr. Lopez Torres's counsel argued for a low-end sentence and the sentencing court reviewed and discussed the mitigating factors of youth but rejected a low-end sentence. It thus concluded Mr. Lopez Torres had not made a prima facie showing of actual and substantial prejudice. It denied the CrR 7.8 motion and transferred it to this court for consideration as a personal restraint petition.

After briefing, we stayed the petition pending our Supreme Court's decisions in *In re Personal Restraint of Ali*, 196 Wn.2d 220, 474 P.3d 507 (2020), *cert. denied*, 141 S. Ct. 1754, 209 L. Ed. 2d 514 (2021), and *In re Personal Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 474 P.3d 524 (2020), *cert. denied*, 141 S. Ct. 1753, 209 L. Ed. 2d 515 (2021). In these companion cases, the court held that the *Houston-Sconiers* decision applied retroactively, resolving or rendering moot many of the parties' arguments in their original briefing. The parties filed supplemental briefs addressing whether Mr. Lopez

Torres could demonstrate actual and substantial prejudice from the sentencing court's alleged failure to consider the mitigating factors of youth.

ANALYSIS

ACTUAL AND SUBSTANTIAL PREJUDICE

Mr. Lopez Torres contends he has demonstrated the trial court actually and substantially prejudiced him by failing to comply with *Houston-Sconiers* and he must be resentenced. We disagree.

In a personal restraint petition, the petitioner must show he is restrained under RAP 16.4(b) and that the restraint is unlawful under RAP 16.4(c). *In re Pers. Restraint of Grantham*, 168 Wn.2d 204, 212-13, 227 P.3d 285 (2010).

A petitioner is under a "restraint" if he is confined because of a judgment or sentence in a criminal case. RAP 16.4(b). The restraint is unlawful if "[t]he conditions or manner of the restraint of petitioner are in violation of the Constitution of the United States or the Constitution or laws of the State of Washington." RAP 16.4(c)(6). If the alleged error is constitutional, the petitioner bears the burden of showing by a preponderance of the evidence that he was actually and substantially prejudiced by the alleged error. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004).

In general, a petitioner must file their personal restraint petition no more than one year after the judgment becomes final. RCW 10.73.090(1). The time limit does not apply in various circumstances, including if there is a significant change in the law, which is material to the petitioner's sentence and which must be applied retroactively. RCW 10.73.100(6). During the pendency of this petition, our Supreme Court settled the question of whether *Houston-Sconiers* was a significant change in the law that applied retroactively, holding that it was. *See Ali*, 196 Wn.2d at 236; *Domingo-Cornelio*, 196 Wn.2d at 266-67. Because the *Houston-Sconiers* decision is material to Mr. Lopez Torres's sentence, his petition is not time barred.

In *Houston-Sconiers*, our Supreme Court recognized that under the Eighth Amendment to the United States Constitution, sentencing courts have absolute discretion to consider exceptional downward sentences for juvenile offenders regardless of any sentencing provision to the contrary. 188 Wn.2d at 19-21. The court listed factors the sentencing court must consider, including the defendant's immaturity, impetuosity, and failure to appreciate risks and consequences; the nature of his surrounding environment and family circumstances; the extent of his participation in the crime; the way familial and peer pressures may have affected him; how youth impacted any legal defense; and any factors suggesting the child might be successfully rehabilitated. *Id.* at 23. To comply

7

with *Houston-Sconiers*, a sentencing court must "meaningfully consider[ ] youth and know[ ] it has absolute discretion to impose a lower sentence . . . ." *Domingo-Cornelio*, 196 Wn.2d at 268.

Mr. Lopez Torres asserts that there is no indication the sentencing court considered the mitigating factors of his youth as identified in *Houston-Sconiers* or knew it had discretion to impose an exceptional sentence based on those factors. He argues that the court's sentence in the middle of the standard range shows the court was willing to consider mitigating factors but failed to appreciate the scope of its discretion. This bald assertion of prejudice, however, is insufficient; the defendant must show "the outcome would more likely than not have been different had the alleged error not occurred." *Meippen*, 193 Wn.2d at 316. This is a "threshold, prima facie burden." *Id.* at 315.

In the cases in which our Supreme Court found resentencing was necessary, there was evidence that strongly suggested the sentencing court would have gone below the sentence imposed if it had thought a below standard-range sentence was available. In *Houston-Sconiers*, the sentencing judge heard mitigating testimony about the defendant and imposed a below-guidelines sentence, but "expressed frustration at his inability to exercise greater discretion over the sentences imposed." 188 Wn.2d at 13. In *Ali*, the sentencing judge similarly heard mitigating testimony about the defendant and imposed

8

the minimum standard range sentence, but noted that "'the sentence that was imposed was the lowest sentence that I legally felt I had the option of imposing in this case.'" 196 Wn.2d at 229. In *Domingo-Cornelio*, the record was silent as to whether the sentencing judge considered any mitigating qualities of the defendant's youth or knew she had discretion to impose a lower sentence, but she imposed the lowest standard range sentence when the State recommended the high end. 196 Wn.2d at 268. Our Supreme Court took this as evidence that the court was willing to consider mitigating factors and found it was more likely than not the defendant would have received a lesser sentence if the sentencing court had complied with *Houston-Sconiers*. *Id.* at 268-69.

Conversely, in *Meippen*, the sentencing court considered and rejected a lower sentence based on the mitigating qualities of youth. There, defense counsel argued for a bottom-range sentence based on the defendant's age, immaturity, and failure to appreciate the consequences of his actions. 193 Wn.2d at 316. The trial court nonetheless imposed a sentence that was at the top of the standard range, finding the defendant's actions were "cold and calculated." *Id.* at 317. Our Supreme Court noted that while there was "a mere possibility that the trial court could have departed from the [Sentencing Reform Act of 1981, chapter 9.94A RCW] in light of *Houston-Sconiers*, mere possibilities do not establish a prima facie showing of actual and substantial prejudice." *Id.*

9

Here, unlike in *Domingo-Cornelio*, the record shows the sentencing court extensively considered the mitigating factors of youth in sentencing Mr. Lopez Torres. It accepted and gave credence to research showing that brain development associated with judgment and decision making continued into a person's 20s. It discussed the interaction between juveniles' limited decision-making ability and their susceptibility to gang influence, describing how Mr. Lopez Torres and his brother had in a way "been taken advantage of." Sentencing RP at 55. It considered Mr. Lopez Torres's family circumstances based on testimony from Mr. Lopez Torres's declination hearing, observing he had the "stalwart support[ ]" of his parents, who were not negligent but instead "terrifically focused on their children." *Id*. at 52. While the court did not consider a sentence outside the guidelines range, it stated that the guidelines range was broad enough that it could "respond to some of these impulses on each side." *Id.* at 55. It expressed regret that the sentence imposed would result in more loss for the brothers and their family, but concluded it was "an appropriate response to this crime and the loss that they have inflicted." *Id.* at 56. As in *Meippen*, there is nothing in the record that suggests the sentencing court would have departed from the standard range.

Mr. Lopez Torres asserts that had the sentencing court understood its absolute discretion under *Houston-Sconiers¸* it would have imposed a sentence in the middle of 0

10

to 294 months, "probably again in the middle at 147 months." Suppl. Br. of Pet'r at 12. This is nothing more than speculation. The court expressed no desire to go below the standard guidelines range and explicitly found "that a mid-range sentence is most appropriate here." Sentencing RP at 56. Mr. Lopez Torres raises no more than a mere possibility that the sentencing court would have imposed a lower sentence in light of *Houston-Sconiers*, which is not enough to establish a prima facie showing of actual and substantial prejudice in his personal restraint petition. *See Meippen*, 193 Wn.2d at 317. We therefore dismiss his petition.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Pennell, C.J.                          Staab, J.

11