**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No.  55939-1-II |
| JACOB MATTHEW MEJIA, | |
| Petitioner. | UNPUBLISHED |OPINION |

PRICE, J. — Jacob M. Mejia brings this personal restraint petition (PRP) arguing that he is entitled to resentencing under *State v. Houston-Sconiers*[1] because his crimes were committed when he was 17 years old and the trial court did not consider his youth at sentencing.  We agree, grant Mejia's PRP, and order resentencing.

FACTS

When Mejia was 17 years old, his six-week old son sustained serious injuries while under his supervision.  *State v. Mejia*, No. 42176-3-II, slip op. at 1 (Wash. Ct. App. Jul. 23, 2013), https://www.courts.wa.gov/opinions/pdf/D2%2042176-3-II%20%20Unpublished%20Opinion.pdf.[2] The State charged Mejia with first degree assault and second degree criminal mistreatment.  Each charge included a domestic violence special allegation and an aggravating circumstance allegation for a particularly vulnerable victim.  The jury found Mejia guilty on both charges and returned special

---

[1] 188 Wn.2d 1, 391 P.3d 409 (2017).

[2] Unless otherwise noted, the facts in this opinion are from our decision in *State v. Mejia*.

verdicts, finding the domestic violence and particularly vulnerable victim allegations were proven. *Id.* at 6.

The standard sentencing range for Mejia's first degree assault conviction was 120 to 160 months. The State requested an exceptional sentence upward. Defense counsel requested a sentence at the low end of the standard range and specifically stated that because "age by itself is not a specific mitigating factor," it had decided not to request an exceptional sentence downward. PRP at 52. No additional mention of Mejia's age by the parties or the trial court was made during sentencing.

The trial court sentenced Mejia to an exceptional upward sentence of 300 months for his first degree assault conviction, along with 17 months for his second degree criminal mistreatment conviction to be served concurrently with his sentence on the first degree assault conviction. In its decision, the trial court referenced Mejia's lack of remorse and lack of appreciation of the consequences of his actions. *Mejia*, slip op. at 13.

Mejia appealed his convictions and his sentence for the first degree assault conviction, and we affirmed. We issued a mandate in December 2013.

In 2021, Mejia filed this PRP arguing that he is entitled to resentencing under *Houston-Sconiers*.

## ANALYSIS

### A. LEGAL PRINCIPLES

Generally, petitioners have only one year from the date their judgment and sentence becomes final to bring a PRP. RCW 10.73.090. Petitions filed after the one-year mark are time barred unless an exception applies. RCW 10.73.100.

A petitioner can overcome the one-year time bar if they can identify (1) a significant change in the law (2) that is material to their conviction or sentence and (3) that applies retroactively. RCW 10.73.100(6); *State v. Miller*, 185 Wn.2d 111, 114, 371 P.3d 528 (2016). Additionally, to obtain relief in a PRP, the petitioner must also show actual and substantial prejudice resulting from the alleged constitutional errors by a preponderance of the evidence. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813-14, 792 P.2d 506 (1990). A petitioner " 'must shoulder the burden of showing, not merely that errors at [their] trial created a *possibility* of prejudice,' but that the outcome would more likely than not have been different had the alleged error not occurred." *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 315-16, 440 P.3d 978 (2019) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Hagler*, 97 Wn.2d 818, 825, 650 P.2d 1103 (1982)).

In *Houston-Sconiers*, our Supreme Court held that when sentencing juveniles, the Eighth Amendment requires courts to consider the " 'hallmark features' " of youth and have discretion to impose a sentence below the standard range. 188 Wn.2d 1, 23, 391 P.3d 409 (2017) (quoting *Miller v. Alabama*, 567 U.S. 460, 477, 132 S. Ct. 2455, 183 L. Ed. 407 (2012)); U.S. CONST. amend. VIII.

The hallmark features of youth include a juvenile's " 'immaturity, impetuosity, and failure to appreciate risks and consequences,' " along with "the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, and 'the way familial and peer pressures may have affected [them].' " *Id.* (quoting *Miller*, 567 U.S. at 477). Trial courts must also examine factors that indicate a likelihood of rehabilitation and the impact of youth on the juvenile's legal defense. *Id.*

Following *Houston-Sconiers*, our Supreme Court held that "a petitioner [seeking relief under *Houston-Sconiers*] establishes actual and substantial prejudice when a sentencing court fails to

consider mitigating factors relating to the youthfulness of a juvenile tried as an adult and/or does not appreciate its discretion to impose any exceptional sentence in light of that consideration." *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 268, 474 P.3d 524 (2020). "Unless the court meaningfully considers youth and knows it has absolute discretion to impose a lower sentence, we cannot be certain that an adult standard range was imposed appropriately on a juvenile." *Id.* Where a petitioner establishes actual and substantial prejudice, we will remand for resentencing. *Id.* at 268-69.

B. APPLICATION

Mejia argues that he is entitled to resentencing because the trial court did not consider the mitigating factors of youth at his sentencing. It is well established that *Houston-Sconiers* was a significant change in the law that is retroactively applicable and material to cases such as Mejia's where juveniles were sentenced as adults. *Domingo-Cornelio*, 196 Wn.2d at 262-65. Accordingly, Mejia's petition is not time-barred. Therefore, the question here is whether Mejia has established actual and substantial prejudice arising from a constitutional error that entitles him to resentencing. We determine that he has.[3]

Here, the trial court was not presented with any evidence or arguments relating to the mitigating factors of Mejia's youth, and the court did not meaningfully consider Mejia's youth on the record at his sentencing. Notably, although defense counsel briefly referenced Mejia's age, it

---

[3] The State contends that Mejia's petition may be an untimely mixed petition due to Mejia's statements regarding the impropriety of the trial court's consideration of his lack of remorse at sentencing. However, Mejia argues that the trial court's statements "applied [the trial court's] notion of how remorse should be expressed without regard to how a 17 year old boy would express remorse." PRP at 13. Thus, Mejia's argument is clearly based on *Houston-Sconiers*, and his petition in not an untimely mixed petition.

was only to tell the trial court, incorrectly after *Houston-Sconiers*, that age could not be a mitigating factor justifying an exceptional downward sentence. There was no other reference to Mejia's youth and its impact at his sentencing. There is simply nothing suggesting that the trial court considered any potential impact of the mitigating factors of Mejia's youth.

The State, relying in part on *In re Pers. Restraint of Meippen*, argues that Mejia fails to demonstrate prejudice. However, *Meippen* is distinguishable because, there, the record showed that the trial court considered the mitigating factors of youth during sentencing. 193 Wn.2d at 316. Thus, Meippen was unable to show that his sentence would have been different had the trial court had the benefit of *Houston-Sconiers*.

Unlike *Meippen*, Mejia has established that the trial court never took his youth into consideration in any way. In fact, Mejia's counsel specifically told the trial court that youth *could not* justify a departure from the standard range. Additionally, in its decision, the trial court noted Mejia's lack of remorse and apparent lack of understanding of the gravity of the consequences of his actions. Both of these qualities, the inability to express remorse and appreciate consequences, are now known to be deficiencies that can potentially be linked to the hallmark features of youth and had the trial court properly considered this, a lesser sentence likely would have resulted. Under these circumstances, and given that more likely than not Mejia would have received a lesser sentence had the trial court followed *Houston-Sconiers*, this is actual and substantial prejudice.

We determine that the trial court failed to consider the mitigating factors of Mejia's youth at his sentencing and this resulted in actual and substantial prejudice to Mejia. Accordingly, we grant Mejia's PRP and order resentencing.

No. 55939-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

WORSWICK, P.J.

LEE, J.