# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>MARCHAE TIVANN GARRISON,<br><br>                             Petitioner. | No. 56923-0-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, A.C.J.—Marchae Tivann Garrison seeks relief from personal restraint imposed following his 2016 plea of guilty to attempted second degree murder, with a firearm sentencing enhancement, a crime he committed at age 16.[1] His standard sentence range was 92.25 to 165 months, plus a 60-month sentencing enhancement. The State argued for a sentence of 160 months plus a 60-month sentencing enhancement. Garrison argued for a sentence of 92.25 months plus a 60-month sentencing enhancement. The trial court imposed a sentence of 92.25 months plus a 60-month sentencing enhancement.

Garrison argues that he is entitled to be resentenced under *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017); *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 474 P.3d 524 (2020), *cert. denied*, ___ U.S. ___, 141 S. Ct. 1753, 209 L. Ed. 2d 515 (2021); *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 474 P.3d 507 (2020), *cert. denied*, ___ U.S. ___, 141 S. Ct. 1754,

---

[1] Garrison filed a motion for relief from judgment in the trial court, which court transferred it to us under former CrR 7.8(c) (2007) to be considered as a personal restraint petition.

209 L. Ed. 2d 514 (2021); and *In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021). Garrison's petition is exempt from RCW 10.73.090's one-year time bar for collateral relief under RCW 10.73.100(6). *Domingo-Cornelio*, 196 Wn.2d at 266.

Under *Houston-Sconiers*, in sentencing a defendant for a crime committed when a juvenile, the sentencing court must consider the mitigating factor of youth in imposing the sentence, including consideration of a sentence below the standard sentence range. 188 Wn.2d at 34. When he was sentenced in 2016, Garrison could not reference *Houston-Sconiers*, *Domingo-Cornelio* or *Ali* at sentencing because they had not been decided. In his sentencing memorandum, Garrison's counsel argued for a sentence at the bottom of the standard range in part because "children are constitutionally different from adults for sentencing purposes" based on their " 'lack of maturity' and 'underdeveloped sense of responsibility.' " Pers. Restraint Petition (PRP) at 31 (internal quotation marks omitted) (quoting *Roper v. Simmons*, 543 U.S. 551, 569, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005)). And at sentencing, Garrison's counsel noted that "juveniles are less culpable than adults because, psychologically, they're not fully formed." *Id.* at 60.

To obtain relief on collateral review, Garrison must demonstrate actual and substantial prejudice from the sentencing court's imposition of a standard range sentence. *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 315, 440 P.3d 978 (2019). "[M]ere possibilities do not establish a prima facie showing of actual and substantial prejudice." *Id.* at 317. Garrison fails to demonstrate actual and substantial prejudice. The sentencing court appears to have taken Garrison's youth into account in imposing the sentence advocated by Garrison rather than the much longer sentence advocated by the State. The only way the trial court could have imposed an even lower sentence would have been to declare an exceptional sentence below the standard range. But Garrison does

not show by a preponderance that the sentencing court would have imposed an exceptional sentence below the standard range had it been made aware that it could impose such an exceptional sentence. *Id.*[2]

Moreover and perhaps more importantly, Garrison cannot show prejudice because he got the precise sentence he requested from the trial court. Garrison's plea arrangement with the State provided that he was free to request any sentence within the standard range. Garrison asked for a sentence of 152.25 months, which is what the trial court imposed. It is questionable that Garrison has even alleged trial court error under these circumstances, much less demonstrated prejudice. Accordingly, we dismiss Garrison's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, A.C.J.

We concur:

WORSWICK, J.

LEE, J.

---

[2] The State argues that because part of Garrison's plea agreement was to not request an exceptional sentence below the standard range, he waived the opportunity to seek such an exceptional sentence. Given our disposition of Garrison's petition, we decline to address the State's waiver argument.